380

Agnes Sledge, Petitioner *v.* Workmen's Compensation Appeal Board (Temple University), Respondents.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Robert A. Sloan, Stephen A. Sheller & Associates,* for petitioner.

*Howard M. Ellner,* for respondents.

OPINION BY JUDGE BLATT, November 16, 1983:

Agnes Sledge (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to dismiss her claim petition and to grant the employer's petition to terminate benefits.

The claimant was injured in the course of her employment on June 7, 1978 and received benefits pursuant to a notice of compensation payable until June 25, 1978. She returned to work until August 2, 1978 at which time she allegedly reinjured herself in a fall at the workplace. She then filed a claim petition which was consolidated for hearing and disposition with the employer's petition to terminate benefits. After a series of administrative appeals and remands, the Board affirmed the referee's decision to dismiss the claim petition and to grant the petition to terminate. The claimant then filed the instant appeal.

The claimant argues first[1] that the referee capriciously disregarded competent evidence by rejecting the deposition testimony of her treating physician, Dr. Steven Berney, and committed an error of law by sustaining certain objections made by the employer's

---

[1] Inasmuch as the claimant had the burden of proof as to the claim petition and failed below, our scope of review of the factual issues is to determine whether or not the findings are consistent with each other and with the conclusions of law and whether or not there has been a capricious disregard of competent evidence. *Hammermill Paper Co. v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 401, 373 A.2d 1180 (1977). However, with regard to the petition to terminate, since the employer had the burden of proof and prevailed below, our scope of review regarding factual issues is to determine whether or not a necessary finding of fact is supported by substantial evidence. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979).

counsel to questions asked of Dr. Berney at the deposition. We are guided here, of course, by the principle that questions relating to the weight of the evidence and to matters of credibility are solely within the province of the referee. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Lombardi)*, 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).

The referee found that the testimony given by the employer's physician was more credible on the issue whether or not the claimant's injury was work-related and ruled accordingly. And, of course, it is not a capricious disregard of the evidence to reject one physician's opinion and to accept the opinion of another. *Killian v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981). A referee may accept or reject the testimony of any witness in whole or in part. *Id.* The claimant, however, also argues that the referee erred as a matter of law because he sustained objections to many of the questions asked of Dr. Berney and that the referee's strict application of the rules of evidence denied the claimant the right to present her case. It is true that the compensation authorities are not bound to follow the common law or statutory rules of evidence,[2] but, this statute has not been interpreted to mean that the rules of evidence can be completely disregarded. *See City of Pittsburgh v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 246, 315 A.2d 901 (1974). We note that many of the questions objected to and sustained by the referee, were, for example, leading or based on assumed facts not in evidence, and there was no attempt by the claimant's counsel to elicit the grounds of the employer's objections or to rephrase the questions in a more proper form. More-

---

[2] Section 422 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834.

over, upon reviewing the referee's finding of fact on this issue,[3] we believe that it is not at all clear that the referee considered portions of Dr. Berney's deposition to be inadmissable. Instead, he seems to have merely exercised his duty to evaluate the weight of the evidence and to assess credibility and cannot be said to have totally disregarded Dr. Berney's testimony. This is evident, not only in the first sentence of Finding of Fact No. 9, but also in Finding of Fact No. 7 wherein the referee rejected the claimant's testimony in which she denied having any pain relating to her pre-existing arthritic condition. He noted there that "the testimony of her own physician, Dr. Berney, rendered this portion of the Claimant's testimony not credible." We believe, therefore, that the referee was not in error.

The claimant next argues that her constitutional rights to due process and equal protection were violated in that she was not given an opportunity to file proposed findings of fact and conclusions of law with the referee.[4] 34 Pa. Code §131.61 provides:

(a) The referee may require or the parties may submit proposed findings of fact, conclusions of law, and legal briefs or memoranda to the referee for his review and consideration.

(b) All submissions referred to in subsection

---

[3] This finding reads:

The Referee finds the testimony of Dr. Parviz Kambin more credible and worthy of belief in this particular case than the testimony produced by the Claimant of Dr. Steven Berney. Many of the key questions in Dr. Berney's deposition were improper and were objected to. There was no competent medical evidence to support the Claimant in either Petition because key responses were given to improper questions.

[4] The employer submitted findings and conclusions to the referee, many of which were adopted in his decision.

(a) must be made within the time set by the referee, but except in extraordinary cases, not later than 45 days, following the completion of the evidentiary portion of the case.

A plain reading of this regulation indicates that the referee, in his discretion, *may* require the submission of proposed findings and conclusions, but nowhere does it require that he must give the parties an opportunity to submit such documents nor has the claimant directed us to any other authority for this proposition. Moreover, there is no indication in the record that the claimant here informed the referee of her desire to submit findings. We do not believe, therefore, that the referee was in error in ruling without the benefit of the claimant's submission.

We will, therefore, affirm the order of the Board.

ORDER

AND Now, this 16th day of November, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.