Charlotte Page, Petitioner *v.* Workmen's Compensation Appeal Board (Mercy Hospital of Pittsburgh), Respondents.

Argued March 15, 1984, before Judges MacPhail, Barry and Blatt, sitting as a panel of three.

152

*Robert L. Simmons,* for petitioner.

*Paul R. Marks, James K. Martin Law Office,* for respondent, Mercy Hospital of Pittsburgh.

OPINION BY JUDGE BLATT, June 7, 1984:

Charlotte Page (claimant) appeals here an order of the Workmen's Compensation Appeal Board which terminated her benefits.

On July 24, 1979, the claimant was injured in the course of her employment as a food server at the Mercy Hospital (employer). She remained off from work and received compensation, then returned to work for a period, and then, pursuant to a Supplemental Agreement dated May 5, 1980, she was deemed totally disabled on April 9, 1980 and again began receiving benefits. On September 16, 1980, the employer filed a termination petition, presumably[1] pursuant to Section 413 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. Following a hearing, the referee ruled that claimant's disability had ceased and ordered that the payment of benefits be terminated. The Board affirmed, and the instant appeal ensued.

Section 413 of the Act, 77 P.S. §772, provides in part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an

---

[1] We cannot state unequivocally what particular section of the Act the employer filed under because neither the briefs nor the record discloses this information.

original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

In a termination petition case, the employer bears the burden of proving that (a) the claimant's disability has ended, or (b) has been reduced and that work is available to the claimant which he is capable of doing. *Shenango, Inc. v. Workmen's Compensation Appeal Board (Del Brocco)*, 67 Pa. Commonwealth Ct. 500, 447 A.2d 717 (1982). And, of course, when, as here, the party with the burden of proof has prevailed before the Board, our scope of review is limited to determining whether or not constitutional rights were violated, errors of law were committed, or necessary findings of fact are unsupported by substantial evidence. *Schiavo v. Workmen's Compensation Appeal Board*, 68 Pa. Commonwealth Ct. 479, 449 A.2d 816 (1982). Our Supreme Court, furthermore, has defined substantial evidence as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 492 Pa. 1, 5, 421 A.2d 1060, 1062 (1980).

The claimant contends that the Board capriciously disregarded competent evidence in concluding that she had fully recovered. Our review of the record, however, indicates that there is substantial evidence to support the Board's conclusions. Dr. Howard Finkelhor, who testified for the employer, opined that, based upon his review of the claimant's history as well as on his own independent examinations, the claimant was fully recovered from her injury of July 1978.[2]

---

[2] *See* the Deposition of Dr. Howard B. Finklehor at 16-17.

Dr. Richard Ray also testified on behalf of the employer that, based upon the history provided to him concerning the claimant as well as on his own independent examinations, she was able to perform her job.[3] Even the claimant's own expert, Dr. George McCollum, admitted on cross-examination that he believed the claimant's symptoms were "highly unusual" and "bizarre."[4] Questions of credibility, as this Court has often stated, are for the referee to decide, not this Court in its appellate capacity, and the referee is free to accept or reject the testimony of any witness in whole or in part. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 352, 407 A.2d 464 (1979). We believe, therefore, that substantial evidence, within the meaning of *Republic Steel Corp.,* exists to support the Board's conclusions.

The claimant next contends that there was insufficient evidence to support a finding that there was suitable work for her, citing to our decision in *4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981), where we held, *inter alia,* that a claimant seeking total disability benefits must show by credible evidence that he can no longer perform his work because of a work related injury and, once this is established, the burden shifts to the employer to show that the claimant can perform certain work and that such work is available. *Id.* at 181, 438 A.2d at 659. Inasmuch as this case involves a petition to terminate, the claimant's reliance on *4156 Bar Corp.* is consequently misplaced. As stated above, *Shenango, Inc.* articulates the legal test to be applied to the questions presented *sub judice,* and we believe that the aforementioned testimony of

---

[3] *See* the Deposition of Dr. Richard L. Ray at 11.

[4] *See* the Deposition of Dr. George McCollum at 18.

the medical experts militates in favor of a decision for the employer, which we, in light of our limited scope of review, cannot overrule.[5]

We will, therefore, affirm the order of the Board.

### ORDER

AND Now, this 7th day of June, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[5] Claimant also contends, citing *Dill Products v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 563, 401 A. 2d 409 (1979), that the "unusual pathological result doctrine" warrants a reversal here. After reviewing our decision in *Dill Products*, we dismiss this contention for want of legal merit.