William Webster, deceased, by Carol Webster for Lisa, a minor, Petitioner *v.* Workmen's Compensation Appeal Board (234, Inc., and S. Q. Corporation), Respondents.

Argued June 4, 1985, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul J. Downey,* for petitioner.

*Harry J. Klucher, Peruto, Ryan & Vitullo,* for respondent, 234 Inc.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondents, S. Q. Corporation and Public Service Mutual Insurance Company.

OPINION BY JUDGE COLINS, October 24, 1985:

This is an appeal by Carol Webster (claimant), brought on behalf of Lisa Webster,[1] from an opinion and order of the Workmen's Compensation Appeal

---

[1] Lisa Webster was born May 19, 1963. She was, therefore, a minor at the time of decedent's death.

Board (Board) which reversed a referee's decision awarding claimant benefits under her fatal claim petitions. Claimant is the former wife of William Webster (decedent) and the mother of his daughter Lisa.

Decedent was employed as a porter and cleanup man at "Doctor Watson's Pub", "(Doc Watson's"), a restaurant and bar operated by S. Q. Corporation at 216 South 11th Street in Philadelphia. As part of his employment, decedent would occasionally be directed by Barry Sendrow[2] to work as a replacement bartender at the "Barbecue Barn", a restaurant and bar operated by 234 Incorporated at 234 South 11th Street in Philadelphia. Such employment was strictly on a part-time basis and decedent would return to "Doc Watson's" when he was no longer needed at the "Barbecue Barn".

On October 28, 1980, decedent was directed to tend bar at the "Barbecue Barn" from 10:00 a.m. to 6:00 p.m. At approximately 8:20 p.m. on that date, he was stabbed while there. Decedent was taken to Jefferson Hospital, where he died, on October 29, 1980, as a result of the stab wounds.

Claimant filed fatal claim petitions against S. Q. Corporation and 234 Incorporated on behalf of Lisa Webster. Within these claim petitions under the section entitled dependents, claimant listed Lisa Webster and William Henry Ward. William Henry Ward is the illegitimate child of decedent and Carol Ann Nolan.[3]

---

[2] Sendrow was decedent's direct supervisor and was in charge of hiring for "Doc Watson's" and the "Barbecue Barn". Furthermore, he was an officer, director and sole shareholder in both corporations.

[3] William Henry Ward was born July 27, 1971. Claimant and her sister have raised him since he was six days old.

The referee concluded that decedent died while in the furtherance of his employer's business and ordered S. Q. Corporation and 234 Incorporated to pay the amount of $31.50 per week commencing October 29, 1980, to claimant as parent and natural guardian of Lisa Webster, a minor, until age 18, and $31.50 per week to claimant as Trustee Ad Litem for William Henry Ward, a minor, from October 29, 1980, until the child is 18 years old. The referee further directed both corporations to pay the medical expenses, funeral expenses, and counsel fees,[4] plus interest. The Board reversed the decision of the referee because it concluded that there was insufficient evidence to prove the necessary causal connection between decedent's death and his employment. An appeal to this court followed.

Claimant argues that decedent was fatally injured while in the furtherance of his employment. We agree.

Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act)[5] provides as follows:

'Injury', 'personal injury', and 'injury arising in the course of his employment' defined (1) The terms 'injury', and 'personal injury', as used in this act shall be construed to mean an injury to an employe, regardless of his previous physical condition, *arising in the course of his employment and related thereto,* and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death

---

[4] Counsel fees of twenty percent (20%) of the award were afforded claimant.

[5] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. *The term 'injury arising in the course of his employment', as used in this article,* shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but *shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer,* whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe who though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment. (Emphasis added.)

Therefore, death resulting from an injury is compensable if the injury arises in the course of employment and is related thereto.

The determination of whether a worker "was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts." *Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 265, 398 A.2d 1105, 1106 (1979). The burden is on claimant to show that decedent was actually engaged in the furtherance of the business of employer. *Krawchuk v. Workmen's Compensation Appeal Board,* 497 Pa. 115, 439 A.2d 627 (1982).

Both S. Q. Corporation and 234 Incorporated argue that the record is silent as to where decedent was at the time of the incident; that there is no evidence of the time when the stabbing took place; and that there is no evidence that decedent's presence at or near employer's premises was in any way employment related. A review of the evidence indicates otherwise.

In the instant case, the parties stipulated to the Medical Examiner's report. Within that report, it states that: "On 10/28/80 at about 8:20 a.m. . . . [decedent was] stabbed by another during an altercation inside the . . . '[Barbecue Barn]' SWC–11th & Walnut Sts." In addition, under the section pertaining to the facts relative to circumstances of death, it provides that: "[Decedent] was employed at the place where he was attacked. He had been off-duty for about an hour, when the incident occurred. He had attempted to break-up a fight among several customers when he was stabbed. . . ." Although this evidence is hearsay, we conclude that it is of probative value.

Not only was the hearsay in the instant case unobjected to, it was part of a stipulation entered into by all parties. We have previously held that the referee *is not* bound to follow the common law or statutory rules of evidence, although he cannot completely disregard these rules. *Sledge v. Workmen's Compensation Appeal Board*, 78 Pa. Commonwealth Ct. 380, 467 A.2d 913 (1983). We have also allowed the admission of letters from a claimant to his attorney concerning job searches, when stipulated to and not objected to, *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977), and allowed the admission of surveys pertaining to a type of

hazard. *Airco Speer Carbon et al. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 274, 392 A.2d 360 (1978).

In the case at bar, the Medical Examiner's reports were examples of hearsay with strong indicia of reliability. They were prepared by an investigator, acting in his official capacity, immediately after the incident.

The employer was afforded a reasonable opportunity to challenge the reliability of this adverse hearsay evidence and chose not to. In fact, the employer was not only aware of declarant's testimony and did not subpoena him, *see Richardson v. Perales,* 402 U.S. 389 (1971), but he also stipulated to the admission of his testimony. Therefore, in view of our policy allowing a liberal admission of evidence and the particular reliability of this evidence as well as the fact that it was stipulated to and not objected to, we find that it was properly admitted.

Although decedent was stabbed after his work shift had ended we conclude that decedent's injury and subsequent death occurred while he was engaged in the course of his employment.

In *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 465, 475-76, 423 A.2d 792, 797 (1980), we stated that: "Even though not actually engaged in the employer's work, an employee will be considered to have suffered an injury 'in the course of employment' if the injury occurred on the employer's 'premises' at a reasonable time before or after the work period."

The evidence reveals that decedent was stabbed while trying to break up a fight inside the "Barbecue Barn" shortly after his work shift had ended. We conclude that claimant is entitled to benefits under

her fatal claim petition filed on behalf of the minor children.

We must now decide how the liability for benefits shall be apportioned. The referee in his order directed both S. Q. Corporation and 234 Incorporated to pay claimant the appropriate workmen's compensation benefits jointly. A review of the record indicates that this was error, as S. Q. Corporation was decedent's responsible "employer" at the time of his death.

In *Mature v. Angelo*, 373 Pa. 593, 595, 97 A.2d 59, 60 (1953), our Supreme Court stated that:

The crucial test in determining whether a servant furnished by one person to another becomes the employe of the person to whom he is loaned is whether he passes the latter's right of control with regard not only to the work to be done but also to the manner of performing it. (Citations omitted.)

In the instant case, decedent was employed as a porter and clean-up man by S. Q. Corporation. Mr. Sendrow was the principal officer, director, and sole shareholder of both corporations. The decedent's regular place of employment was at S. Q. Corporation. It was from there that his activities were directed and controlled and as such S. Q. Corporation was the responsible employer.

Claimant next asserts that the referee properly ordered the payment of attorney fees pursuant to Section 440[6] of the Act. We agree.

Section 440 provides as follows:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose

---

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996.

favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee. . . . Provided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established.

Whether or not a contest is reasonable is a question of law. *Stone Container Corporation v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980). In determining the reasonableness of an employer's contest we must evaluate whether it was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Workmen's Compensation Appeal Board v. Denny*, 25 Pa. Commonwealth Ct. 395, 360 A.2d 306 (1976).

The only evidence introduced was the medical examiner's report, which as we have noted, indicated that liability should rest upon the employer. The employer introduced no evidence to impeach or otherwise contradict the medical examiner's report and as such no reasonable basis for contest could be found to exist.

Accordingly, the order of the Board is reversed.

#### Order

And Now, this 24th day of October, 1985, the order of the Workmen's Compensation Appeal Board, dated July 5, 1984, at No. A-84636, is reversed. The matter is remanded to the Board for the allocation of the payment of benefits consistent with the opinion of the Court in this matter.

Jurisdiction relinquished.