508 A.2d 635

Walter Bigler, Petitioner *v.* Workmen's Compensation Appeal Board (Bristol Township), Respondents.

Submitted on briefs December 12, 1985, to Judges CRAIG, BARRY, and PALLADINO, sitting as a panel of three.

*Walter D. Campbell,* for petitioner.

*Howard M. Ellner,* for respondent, Bristol Township.

OPINION BY JUDGE BARRY, May 1, 1986:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which affirmed

the decision of a referee suspending benefits to the claimant, Walter Bigler.

Plaintiff was employed as a work crew foreman for Bristol Township's road department. While in the scope and course of his employment the claimant suffered a fall resulting in significant neck pain. Following an initial hospital confinement, the claimant returned to work, but on December 18, 1978, or three months after the fall, claimant ceased work due to continuing pain. A notice of compensation payable was thereafter executed on January 1, 1979.

On December 8, 1980, the employer filed a termination petition alleging that the claimant had recovered from his work-related injury and could resume employment without any loss of earning capacity. The claimant in his answer denied the foregoing averments, alleging that he was still totally disabled from the injury.

Conflicting medical testimony was presented by employer and claimant. Dr. Richard H. Rothman, claimant's personal physician, testified that claimant was still permanently and totally disabled, though basing that diagnosis entirely upon the subjective complaints of the claimant. Dr. Parvis Kambin testified on behalf of the employer that claimant had recovered from his injury and could return to his occupation as a foreman. Dr. Kambin's testimony was based upon a review of claimant's records, x-rays, his own examination, and his viewing of motion pictures taken by a private detective, in which claimant was portrayed engaging in various physical acts, at odds with his own statements to both physicians as to his physical agility. After personally viewing the films and considering the expert and lay testimony, the referee granted the termination petition, ordering at the same time that the petition was to be treated as one for suspension. The appeal board thereafter affirmed the decision suspending compensation. It is from this decision that the claimant appeals.

Undertaking our review function, we note that in a termination petition case such as the one before us the employer bears the burden of proving that the claimant's disability has ended. *See Page v. Workmen's Compensation Appeal Board (Mercy Hospital of Pittsburgh)*, 83 Pa. Commonwealth Ct. 151, 153, 476 A.2d 508, 509 (1984). Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are unsupported by substantial evidence. *Id.*

At every stage of claimant's appeal the argument has been advanced that Dr. Kambin's medical testimony was only conditionally admissible, subject at all times to the eventual introduction of medical records relied upon by the doctor; those records were never introduced, and claimant thus contends that the referee should not, to any extent, have considered Dr. Kambin's testimony (citing, *inter alia Lebesco v. Southeastern Pennsylvania Transportation Authority*, 251 Pa. Superior Ct. 415, 380 A.2d 848 (1977) (non-workmen's compensation case)). Claimant maintains that this established rule of evidence should operate in the instant case; had the referee been able to inspect, evaluate and assess these reports in conjunction with a review of Dr. Kambin's testimony, the claimant asserts, the referee's ultimate decision might have been different because such assessment may have raised doubt with respect to the doctor's testimony.

We note, however, that neither the Board nor the referee are to be bound by the common law or statutory rules of evidence in the course of hearings. *See* Section 422 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, *as amended*, 77 P.S. §834. *See also Webster v. Workmen's Compensation Appeal Board (234, Inc. and S.Q. Corp.)*, 92 Pa. Commonwealth Ct. 412, 417, 499 A.2d 1117, 1120 (1985). Notwithstanding this liberal rule, of course, all findings of fact must be

based upon substantial competent evidence. *See Hatboro-Horsham School District v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 73, 76, 384 A.2d 1050, 1053 (1978). Similarly, while the rules of evidence are, as we have stated, to be relaxed in workmen's compensation proceedings, the referee's ultimate findings cannot be properly reviewed if attended by a complete disregard for those rules. *See City of Pittsburgh v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 246, 315 A.2d 901 (1974); *Sledge v. Workmen's Compensation Appeal Board (Temple University),* 78 Pa. Commonwealth Ct. 380, 467 A.2d 913 (1983).

Having reviewed the record and referee's findings in light of these principles, we are unable to say that any prejudice was caused to claimant due to the fact that the hospital records commented upon by Dr. Kambin were never entered into the record. First, much of the material to which claimant's counsel has objected was the product of office visits with Dr. Rothman, such as treatment and evaluation reports. (Deposition of Dr. Kambin at 26-27). Second, although Dr. Kambin testified to his examination of x-rays which were never entered into the record, the conclusion which he drew from that examination is not particularly at odds with that of claimant's physician. Indeed, claimant in his brief does not point to any aspect of Dr. Kambin's testimony which is particularly infirm due to the omission from the record of the involved medical documents.

We thus reject claimant's contention that the referee should never have considered Dr. Kambin's testimony. Additionally, we agree with the Board that the foregoing testimony constituted competent medical evidence to support a suspension of compensation. Dr. Kambin's testimony was not merely confined to a review of records, but reflected the results of his own examination of the claimant and his viewing of the films showing

claimant performing various physical acts. His ultimate opinion that the claimant had recovered from any disability he might have suffered was stated unequivocally, and the referee was justified in accepting it, notwithstanding Dr. Rothman's testimony to the contrary. *Killian v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

As substantial evidence supports the findings of the referee and no error of law has been committed, we affirm.

ORDER

NOW, May 1, 1986, the order of the Workmen's Compensation Appeal Board is hereby affirmed.