527 A.2d 638

Hazel K. Johnson, Widow of Robert E. Johnson, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation), Respondents.

Submitted on briefs May 21, 1987, to Judges MAC-PHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Vincent J. Quatrini, Jr.,* for petitioner.

*David M. McCloskey,* with him, *Ronald Ganassi, Will, Keisling, Ganassi* & *McCloskey,* for respondent.

OPINION BY JUDGE MACPHAIL, June 29, 1987:

Hazel K. Johnson (Claimant), widow of Robert E. Johnson (Decedent), appeals from the denial of her fatal claim petition. Both the referee and the Workmen's Compensation Appeal Board (Board) concluded that Claimant had failed to meet her burden of proving that an occupational disease was a substantial contributing factor in Decedent's death.[1] We affirm.

Prior to his death, Decedent had received workmen's compensation benefits for total disability due to "anthracosilicosis, chronic asthmatic bronchitis, possible silicosis and probable bronchiectasis." Referee's Fact Finding No. 3. It was found that these occupational diseases resulted from or were aggravated by Decedent's work with Jones & Laughlin Steel Corp. (Employer). Decedent's death certificate, reflecting his demise on January 7, 1983, listed three immediate causes of death: pulmonary failure, severe chronic obstructive lung disease and cardiopulmonary insufficiency. No specific occupational diseases were listed as contributing factors.

Several hearings were held before a referee during which Claimant testified and three medical expert depositions were introduced. Two of the depositions were introduced on behalf of Employer and included the respective doctors' opinions that Decedent's death was not causally related to his employment. The third deposition which was introduced was of Decedent's treating physician, Dr. Notaro, who opined that De-

---

[1] In order to meet her burden of proof, Claimant must establish that an occupational disease existed among the secondary causes of Decedent's death and that it was a substantial factor in causing the death. *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983).

cedent's death was caused by the same occupational diseases for which Decedent had received total disability benefits during the latter part of his life.

With regard to the medical testimony presented, the referee found as follows:

> 7. That your Referee is not overly impressed by the medical testimony presented by either party. The testimony presented by the defendant's two medical experts conflicts with each other and the testimony of the claimant's medical witness is ambiguous.

Rather than rely on the medical testimony presented, the referee instead cited an autopsy report, which had been appended to Dr. Notaro's deposition, as the most credible evidence in establishing the cause of Decedent's death. The referee found that the autopsy report made no reference to the existence of occupational diseases and concluded, based thereon, that Decedent died from pulmonary diseases which were not causally related to his employment.

The sole issue raised by Claimant on appeal is whether the referee's decision is based on competent medical evidence since he rejected all of the medical testimony presented and relied, instead, on an autopsy report which appeared only as an attachment to a deposition and which was never separately introduced into evidence.

As a general rule, the referee is not bound to follow common law or statutory rules of evidence. *Webster v. Workmen's Compensation Appeal Board (234, Inc.),* 92 Pa. Commonwealth Ct. 412, 499 A.2d 1117 (1985). It is also clear, however, that evidentiary rules may not be completely disregarded and that the referee's fact findings must be supported by substantial competent evidence. *Bigler v. Workmen's Compensation Appeal Board (Bristol Twp.),* 96 Pa. Commonwealth Ct. 642, 508 A.2d 635 (1986).

In the instant case it is undisputed that the autopsy report appears only as an attachment to a deposition and was never formally introduced into the record as an exhibit. While we have previously held that no prejudice resulted where a medical witness testified regarding hospital records which were not themselves entered of record, *Bigler,* we cannot approve the referee's *exclusive* reliance on an autopsy report which has not been formally introduced as evidence.[2] It is obviously a fundamental evidentiary requirement that a document must be introduced into evidence before it may form the basis for an adjudication. *See Department of Transportation, Bureau of Driver Licensing v. McCrea,* Pa. Commonwealth Ct.     ,     A.2d     (No. 216 C.D. 1986, filed June 2, 1987). (Reargument pending. Case pending.)

While we therefore conclude that the referee improperly based his findings on the autopsy report, we must nevertheless affirm his decision if it can be sustained on other grounds. *Hill v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 219, 429

---

[2] Employer cites two Georgia Appeals Court decisions for the proposition that a doctor's report or deposition, which was not formally introduced into evidence, could nevertheless be considered by the State Board of Workmen's Compensation in determining the issues presented. *Refrigerated Transport v. Dabney,* 145 Ga. App. 860, 245 S.E.2d 24 (1978); *Hembree v. Chevrolet Motor Division, General Motors Corp.,* 108 Ga. App. 113, 131 S.E.2d 859 (1963). The determinative circumstance in both those cases was that the medical evidence had been transmitted to the Board and all parties, each of whom believed that the report or deposition would be used as evidence in the proceedings. While we are not convinced that such a liberal view of basic evidentiary requirements is justified under Pennsylvania law, *see Bigler,* we also note that the parties' intentions regarding consideration of the autopsy report as evidence *independent* of the deposition to which it was appended is not sufficiently clear so as to warrant reaching the same result as that in the Georgia cases cited.

A.2d 771 (1981). We believe that such grounds for affirmance do exist since, in addition to the referee's findings based on the autopsy report, he also clearly rejected the medical testimony elicited by Claimant's medical expert on credibility grounds. Since it is the referee's province to assess credibility, *Pasquarello v. Workmen's Compensation Appeal Board (Bechtel Power Corp.)*, 97 Pa. Commonwealth Ct. 307, 509 A.2d 933 (1986), we are bound by his judgment regarding Claimant's medical evidence. Absent that evidence it is clear that Claimant has simply failed to meet her burden of proof in the instant matter.

We will, accordingly, affirm the Board's order.

### ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge COLINS dissents.