600 A.2d 694

**CARPENTER TECHNOLOGY CORP., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WISNIEWSKI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1991.

Decided Dec. 5, 1991.

74

John E. Domalakes, for petitioner.
Jonathan L. Wesner, for respondent.

Before McGINLEY and BYER, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Carpenter Technology Corp. (CTC), petitioner, appeals from an order of the Workmen's Compensation Appeal Board affirming a referee's decision which denied CTC's termination petition. The facts, as found by the referee, may be summarized as follows. Dale Wisniewski, respondent, suffered a work-related injury to his left knee while climbing a ladder to a crane on November 30, 1986. Wisniewski had a pre-existing, degenerative condition of the left knee which had required four previous surgeries. CTC

treated the injury as an aggravation of the pre-existing condition and began to pay workmen's compensation benefits pursuant to a notice of compensation payable. Wisniewski underwent further surgery on his knee on two dates, December 12, 1986 and September 3, 1987. Dr. Stephen Latman performed the first procedure; Dr. Gary Canner performed the second procedure. CTC filed a termination petition alleging that the November 30, 1986 injury was a temporary aggravation of a pre-existing condition and that any disability related to that accident had resolved as of June 30, 1987; the petition further alleged that any current disability is a result of Wisniewski's pre-existing knee problems. The referee denied the petition and the Workmen's Compensation Appeal Board affirmed.

Our standard and scope of review when faced with a challenge to a referee's findings is clear. We will examine the record to determine whether constitutional rights have been violated, an error of law has been committed, and if necessary findings of fact are supported by substantial evidence. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa.Commonwealth Ct. 172, 541 A.2d 60 (1988). The referee is the fact finder in workmen's compensation proceedings; weighing the evidence is the sole province of the referee who is free to accept one competent medical opinion over another. *Shelestak v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 131 Pa.Commonwealth Ct. 582, 571 A.2d 516 (1990). The equivocality of a medical opinion is a question of law, fully reviewable by this Court. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Tompkins)*, 66 Pa.Commonwealth Ct. 579, 445 A.2d 843 (1985).

Initially, CTC asserts that Dr. Canner's opinion that Wisniewski's current disability is causally related to the November 30, 1986 accident is equivocal. Dr. Canner testified that Wisniewski is currently disabled due to an osteochondral fracture suffered on November 30, 1986. (Notes of Testimony [N.T.], Canner Deposition [C.D.], 7/12/88, pp.

13–14.) Dr. Canner recognized that Wisniewski's pre-existing degenerative knee condition also produced disabling symptoms; nonetheless, his testimony is clear that the symptoms produced by either condition would be disabling. (N.T., C.D. pp. 79–82).

CTC directs us to Dr. Canner's testimony on cross-examination that the osteochondral fracture could have occurred as a result of Wisniewski's pre-existing condition. (N.T., C.D. pp. 40–62.) Although recognizing that the fracture could have been caused by the pre-existing condition, Dr. Canner specifically stated that, in his professional opinion, this fracture was caused by the November 30, 1986 accident. (N.T., C.D. p. 79.) The equivocality of medical testimony is to be judged upon review of the entire testimony. *Wilkes–Barre, City v. Workmen's Compensation Appeal Board (Scott)*, 54 Pa.Commonwealth Ct. 230, 420 A.2d 795 (1980). Dr. Canner's recognition during cross examination that other events could possibly have caused Wisniewski's osteochondral fracture does not render his opinion that the November 30, 1986 accident caused this fracture equivocal.

CTC also argues that, since Dr. Canner assumed that the fracture at issue was causally related to work injury due to its being recent, his opinion as to causation is fatally flawed. It is true that an assumption that an injury is related to an event only because the event is recent renders an opinion incompetent. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 508 Pa. 360, 498 A.2d 800 (1985). Dr. Canner's opinion, however, is not based upon mere temporal proximity alone. He noted that this fracture was in a different location within the knee from the pre-existing degenerative process. (N.T., C.D. pp. 11–12, 79–82). Thus, unlike the assumption which flawed the medical opinion in *Lewis*, Dr. Canner had objective evidence with which to rule out the degenerative process as the cause of this fracture.

 CTC's final attack on Dr. Canner's opinion centers upon the fact that the pre-existing degenerative condition of the knee produces disabling symptoms in addition to those produced by the work-related knee injury. Where a disabling condition is caused by both work-related and non-work-related injuries, it must be established that the work-related injury materially contributed to the disability, rather than that the disability resulted from the natural progression of the pre-existing condition. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa.Commonwealth Ct. 405, 539 A.2d 18, *petition for allowance of appeal denied*, 520 Pa. 580, 549 A.2d 139 (1988). CTC argues that Dr. Canner failed to precisely delineate the extent to which the November 30, 1986 work-related injury contributes to Wisniewski's disability. CTC concludes that Dr. Canner's opinion is thus rendered equivocal and cannot support the referee's decision. We disagree. Dr. Canner's testimony is clear that the November 30, 1986 work-related injury is sufficiently debilitating to cause disability in and of itself. (N.T., C.D. p. 80). Wisniewski was not disabled prior to the November 30, 1986 injury as evidenced by his work at CTC; since that injury alone is sufficient to cause his disability it materially contributes to that disability. We hold that Dr. Canner's testimony is unequivocal and supports the referee's findings.

 CTC also challenges the referee's reliance on Dr. Latman's opinion when he decided that Wisniewski remains disabled due to the work-related injury. CTC correctly notes that Dr. Latman did not testify in this case, nor were his notes and reports offered as exhibits. Thus CTC concludes that the referee impermissibly went outside the record to render this decision. *See Johnson v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 107 Pa.Commonwealth Ct. 164, 527 A.2d 638 (1987), (although referee is not bound by rules of evidence, it is a fundamental requirement that a document be introduced into evidence before it can serve as the basis for an adjudication). It is true that Dr. Latman's reports and notes were

never offered as exhibits in this case; CTC's counsel, however, extensively referred to those documents while cross-examining Dr. Canner. (N.T., C.D. pp. 30–31.) Further, both of CTC's experts, Drs. McRae (N.T., McRae Deposition, 1/26/89, pp. 8–28) and Gerhart (N.T., Hearing of 6/9/88, pp. 10–24), made numerous references to Dr. Latman's notes while testifying.

The Board held that CTC was precluded from arguing that the referee had gone beyond the record because CTC itself had cross-examined Dr. Canner regarding Dr. Latman's notes over the objection of counsel for Wisniewski. Unlike *Johnson,* here we are confronted with a situation where portions of the documents have been read into the record and extensively discussed by the complaining party's witnesses. We have previously allowed medical reports into the record where their contents are testified to by medical witnesses. *Bigler v. Workmen's Compensation Appeal Board (Bristol Township),* 96 Pa.Commonwealth Ct. 642, 508 A.2d 635 (1986), *petition for allowance of appeal denied,* 516 Pa. 619, 531 A.2d 1120 (1987). We need not decide whether this is a *Bigler* case or a *Johnson* case, however, as we find that Dr. Latman's report and notes were corroborative of the opinion expressed by Dr. Canner, and thus, are cumulative evidence. Dr. Canner's opinion, as discussed above, is sufficient competent evidence to support the referee's decision. Thus, any error in relying on Dr. Latman's report and notes, if indeed it was error, was harmless. *Cf. Township of Haverford v. Workmen's Compensation Appeal Board (Angstadt),* 118 Pa.Commonwealth Ct. 467, 545 A.2d 971 (1988), (referee's reliance on evidence offered in inadmissible form was harmless error where it was merely cumulative of competent testimonial evidence).

CTC's last argument addresses the referee's finding that Dr. Gerhart was not Wisniewski's treating physician. Wisniewski did consult Dr. Gerhart, a CTC employee, on the day the ladder climbing accident occurred. At that time Dr. Gerhart prescribed anti-inflammatory and pain medication

as well as a course of therapy. Following that initial step in the treatment of his injury, Wisniewski's contact with Dr. Gerhart was limited to examinations.

 CTC claims that the initial medication and therapy prescribed for Wisniewski establishes that Dr. Gerhart was a treating physician. CTC argues that this error is crucial because the referee decided that the opinions of Dr. Canner and Dr. Latman were more credible because they, not Drs. McRae and Gerhart, were Wisniewski's treating physicians. We are not persuaded. As a family practitioner, Dr. Gerhart did not participate in the surgical treatment of Wisniewski's injury. Even were we to accept CTC's argument that Dr. Gerhart was a treating physician at the time he prescribed medication and therapy, he had ceased acting in that capacity when it was determined that surgery was necessary. The referee relied upon the opinions of Drs. Canner and Latman because they had performed the surgeries on Wisniewski's knee. Thus, any error in mischaracterizing Dr. Gerhart as a non-treating physician was harmless.

Affirmed.

## ORDER

NOW, December 5, 1991, the order of the Workmen's Compensation Appeal Board, dated February 22, 1991, at No. A89–2451, is affirmed.