**Foster DICKSON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNICO CONSTRUCTION COMPANY, PMA GROUP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1996.

Decided May 31, 1996.

1322 ■

Louis S. Walton, for Petitioner.

Michael E. Koll, for Respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Foster Dickson (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) reversing a Workers' Compensation Judge's (WCJ) denial of a termination petition filed by Unico Construction Company (Employer) pursuant to Section 413 of the Workers' Compensation Act (Act).[1]

On June 11, 1990, Claimant sustained an aggravation of his pre-existing grade one spondylolisthesis of the L5–S1 back vertebra, when his left foot became tangled in drag cords and gravel on Employer's job site. Thereafter, he began receiving temporary to-

tal disability benefits pursuant to a notice of compensation payable filed by Employer. On April 28, 1993, Employer filed its termination petition alleging that Claimant's disability had ceased as of March 25, 1993, and that Claimant was able to return to work without a loss of earnings.

Following a hearing held on June 21, 1993, the WCJ made the following pertinent findings of fact:

7. In support of its Termination Petition, [Employer] supplied the medical deposition testimony of Myron E. Sevick, M.D. a Board-certified orthopedic surgeon. Dr. Sevick performed an independent medical evaluation on the claimant on March 24, 1993. Dr. Sevick testified that he was aware that the claimant had suffered a work injury which presented itself with the onset of back and left leg pain. Dr. Sevick reviewed x-rays of claimant's back and noted obvious spondylolisthesis of the L5–S1 area of claimant's spine along with degenerative disc changes of the L3–4 levels. Dr. Sevick testified that spondylolisthesis is a congenital defect where the fifth lumbar vertebra has slipped forward on the sacrum and is noted for causing low back pain. The doctor opined that spondylolisthesis is a congenital or developmental problem and is not caused by trauma or traumatic injury. The doctor also noted that the objective findings on physical examination of the claimant were within normal limits. Dr. Sevick testified that it is his opinion that the claimant had spondylolisthesis prior to the work injury but that it was asymptomatic. Dr. Sevick indicated that an intervening trauma can trigger the symptoms associated with this disease.

8.... [T]he claimant submitted the deposition testimony of Carroll P. Osgood, M.D., a Board-certified neurosurgeon and claimant's treating physician.... Dr. Osgood testified that the claimant did not relate any back problems prior to the June 11, 1990 injury. The doctor reviewed claimant's x-rays and diagnosed a congenital Grade 1 spondylolisthesis that was aggravated by the claimant's work injury.... On cross-examination, the doctor opined that in his May, 1993 report, he had indicated that *while the claimant may*

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

*have strained or sprained his back, the intervening three year period [1990–1993] would have provided the claimant adequate time to recover.*

. . . .

10. I accept Dr. Osgood's testimony. . . . While Dr. Osgood's May, 1993 report appears to be somewhat inconsistent, it is not clear from Dr. Osgood's deposition testimony whether he believed that the claimant had originally only suffered a sprain or strain or, in addition to the work injury having aggravated claimant's pre-existing condition, the claimant *also* suffered a sprain or strain and the intervening three years were sufficient for that component of the injury (i.e. the sprain or strain) to heal. Since the deposition testimony is not clear, I do not find that this statement impinges upon Dr. Osgood's credibility and *therefore find that claimant suffered a work-related aggravation of the pre-existing spondylolisthesis, from which he has not recovered and which disables him from his time-of-injury job.*

(WCJ's decision at 3–4; Findings of Fact (F.F.) Nos. 7–8, 10.) (Emphasis added.) (Citations to Notes of Testimony omitted.) The WCJ, therefore, concluded that Employer failed to meet its burden of proof under the termination petition.

Employer appealed to the Board which reversed the WCJ's decision, concluding that:

the WCJ erred in concluding that [Employer] had failed to meet its burden of

proof. On the contrary, the testimony of Dr. Osgood which the WCJ accepted as credible, is substantial competent evidence supporting the conclusion that [Employer] had met its burden of proving that Claimant's current disability is not the result of Claimant's work-related aggravation, but the result of Claimant's pre-existing congenital, non-work-related spondylolisthesis.

(Board's decision at 4.) The instant appeal followed.

 It is well-established that an employer seeking to terminate workers' compensation benefits after the issuance of a notice of compensation payable bears the burden of proving either that the employee's disability has ceased, or that any current disability arises from a cause unrelated to the employee's work injury. *Gumro v. Workmen's Compensation Appeal Board,* 533 Pa. 461, 626 A.2d 94 (1993). Where the compensable work-related injury is in the nature of an aggravation of a claimant's pre-existing condition and the claimant's disability was caused by **both** the work-related and non-work-related injuries, however, an employer seeking to terminate workers' compensation benefits must prove that the work-related aggravation has ceased or no longer **materially contributes** to the on-going disability. *Carpenter Technology Corp. v. Workmen's Compensation Appeal Board (Wisniewski),* 144 Pa.Cmwlth. 72, 600 A.2d 694 (1991).[2]

2. In *Carpenter*, the claimant had a pre-existing, degenerative condition of his left knee. Thereafter, the claimant sustained a work-related injury to his left knee which was treated as an aggravation of the pre-existing condition and for which the claimant received workers' compensation benefits pursuant to a notice of compensation payable. In support of the employer's subsequent petition for termination, the employer offered medical testimony which was accepted as credible by the referee that established that the claimant's symptoms could be produced by either the pre-existing condition or the work-related aggravation. We explained that "[w]here a disabling condition is caused by both work-related and non-work-related injuries, it must be established that the work-related injury materially contributed to the disability, rather than that the disability resulted from the natural progression of the pre-existing condition." *Carpenter,* 600 A.2d at 697. In *Carpenter,* the accepted medical testimony established that the aggravation, alone,

would cause disability and the evidence established that the claimant was not disabled prior to the work injury. Therefore, the Court concluded that the work injury materially contributed to the claimant's disability.

We note, however, that in a termination petition, the employer has the burden and unless and until the employer meets its burden, the claimant's disability is presumed to continue. That is, the claimant in *Carpenter* did not have to prove his work-related aggravation materially contributed to his on-going disability. Rather, the **employer** had the burden to "disprove the claimant's existing, continuing right to benefits" and, as such, it had to show that the work-related aggravation did not materially contribute to the claimant's on-going disability. *Iacono v. Worker's Compensation Appeal Board (Chester Housing Authority and PMA Group),* 155 Pa.Cmwlth. 234, 624 A.2d 814, 817 (1993), aff'd per curiam, 536 Pa. 535, 640 A.2d 408 (1994).

■ In either situation under a termination petition, the claimant's disability is presumed to continue until demonstrated otherwise; there is no burden on the claimant to prove anything at all. *Iacono.*

■ As fact finder, the WCJ has the sole prerogative of assessing credibility and resolving conflicts in the evidence; the WCJ may accept or reject, in whole or in part, the testimony of any witness. *Id.* Further, it is axiomatic that if the testimony as accepted by the WCJ constitutes such evidence as a reasonable mind might accept as adequate to support the conclusion reached, this Court is bound by those findings and may not disturb them on appeal. *Evans v. Workmen's Compensation Appeal Board (Julia Ribaudo Home),* 151 Pa.Cmwlth. 490, 617 A.2d 826 (1992).

■ The issue on appeal in the instant case, therefore, is whether substantial evidence of record supports the WCJ's determination that Employer failed to meet its burden, as a matter of law, under the termination petition, *i.e.,* that Employer failed to establish that Claimant's work-related aggravation has ceased or, if it has not ceased, that it no longer materially contributes to his on-going disability.

The WCJ found as a fact that Claimant continues to suffer from his work-related aggravation and, for this reason, specifically concluded that Employer failed to meet its burden. After a review of the record, we conclude that substantial evidence exists to support the WCJ's determination. Specifically, Dr. Osgood, who the WCJ found to be credible testified as follows:

Q. Now, Doctor, on September 20th of 1990 a notice of compensation payable indicated that the nature of Mr. Dickson's work related injury was, quote, aggravation of grade one spondylolisthesis of L5–S1. Do you agree with that diagnosis?

A. Yes.

Q. Do you feel that he suffers from that condition as of today?

A. Yes.

Q. So you feel that when you first examined him that medical condition existed and it exists today?

A. Yes.

Q. Do you feel that it has changed in any fashion?

A. No.

(Deposition of Dr. Osgood at 11–12; Reproduced Record (R.R.) at 47a–48a.)

Employer argues, however, that the following deposition testimony of Dr. Osgood renders his testimony equivocal and negates the WCJ's findings:

Q. ... [W]ould you agree that it was your opinion on May 11th of 1993 that [Claimant] may have strained or sprained his back with his work injury, but at this point nearly three years after the fact you believe he had adequate time in which to recover?

A. Yes.

(Deposition of Dr. Osgood at 17; R.R. at 53a.) This testimony, however, merely states that Claimant had sufficient time to recover, but, significantly, **does not state that Claimant did, in fact, recover from his work-related aggravation.** In fact, Dr. Osgood consistently stated that Claimant's work-related *aggravation* had not resolved.

Further, Employer presented no evidence, testimonial or otherwise, establishing that even if Claimant's aggravation has not resolved, it no longer materially contributes to his injury.[3] We reiterate that once a claimant establishes his right to benefits, those benefits remain in effect unless and until the employer satisfies its burden of proving entitlement to termination. The claimant does not have to establish continuing entitlement to benefits. We hold, therefore, that the WCJ's determination that Employer failed to

---

3. Employer argues that Dr. Osgood's testimony that the work restrictions "relate to the underlying congenital defect of spondylolisthesis" supports its argument that it met its burden under the termination petition. (*See* Dr. Osgood's Deposition at 17; R.R. at 53a.) Dr. Osgood, however, merely testified that there was a causal relationship between Claimant's pre-existing condition and his on-going disability; Dr. Osgood significantly did not state that the pre-existing condition was the **sole** cause of Claimant's disability, nor did he state that Claimant's work injury was no longer a materially contributing cause of Claimant's disability. Accordingly, Employer's argument is without merit.

meet its burden under the termination petition is supported by substantial evidence, and, accordingly, we reverse the order of the Board and reinstate Claimant's benefits.

Order reversed.

### *ORDER*

NOW, May 31, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed. The benefits of Foster Dickson are reinstated.

