**Charles ROCCUZZO, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (SCHOOL DISTRICT OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 16, 1998.

Decided Dec. 23, 1998.

---

Margaret M. Boyce, Philadelphia, for petitioner.

John C. Janos and Brian J. Durkin, Philadelphia, for respondent.

Before DOYLE, J., KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Charles Roccuzzo (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board that affirmed a decision by a workers' compensation judge (WJC) granting the termination/suspension petition filed by the School District of Philadelphia (Employer). We affirm.

On December 7, 1990, Claimant sustained an injury in the nature of a back sprain when he fell at work. Claimant received benefits pursuant to a notice of compensation payable. On September 3, 1993, Employer filed a termination/suspension petition alleging that as of November 30, 1992, Claimant had recovered from his work-related injury and that any residual disability that remained was related to a non-work-related car accident that had occurred on February 9, 1990.

Employer presented the deposition testimony of Bong S. Lee, M.D., a board certified orthopedic surgeon, who examined Claimant on Employer's behalf. Claimant testified and presented the deposition testimony of Max Karpin, M.D., a board certified neurosurgeon, who began treating Claimant in August of 1994. Based on the testimony and the depositions and reports, the WCJ granted Employer's termination petition, concluding that Employer had proven that Claimant had fully recovered from his work-related injury.

The WCJ's pertinent findings of fact are as follows:

4. In support of its Petition, Defendant has presented the deposition testimony of Dr. Bong Lee who examined the Claimant on May 13, 1991 and again on November 30, 1992. Dr. Lee is found credible and convincing that the Claimant had fully recovered from whatever aggravation had been caused by the December 7, 1990 work incident, and that Claimant's current physical problems were related to 'pre-existing, long standing back problems' based on his clinical examination of Claimant which revealed no evidence of muscle problems, joint problems, bone problems or nerve problems. Hence, Dr. Lee is also found credible and convincing that a CT scan of the lumbar spine and an MRI performed prior to the December 7, 1990 work inci-

dent both revealed that the Claimant had a herniated disc at L4–5 on the right side, with a compression of the right L4 nerve roots and that Claimant had a pre-existing herniated disc prior to his May, 1988 work injury. Dr. Lee is also found credible and convincing that an MRI performed in June of 1994 revealed that the Claimant no longer suffered from any herniation of the disc.

5. The Claimant testified before the undersigned on September 26, 1994. The Claimant testified that he was injured in an automobile accident in 1986 or 1987 when he was hit in the left leg as a pedestrian, and that he was later involved in a work-related accident in May of 1988 from which he recovered and returned to full-time work in March of 1989. The Claimant continued to work until February 11, 1990 when he was involved in a non-work-related automobile accident at which time he injured his back and was out of work for nine (9) or ten (10) months, returning in November of 1990.

6. In opposition to Defendant's Petition, Claimant has presented the deposition testimony of Dr. Max Karpin who did not see the claimant until four (4) years after the 1990 work injury. The undersigned finds the testimony of Dr. Karpin not to be credible and, therefore, rejects that testimony.

(WCJ's decision, pp. 3–4).

The Board affirmed the grant of the termination petition and Claimant now appeals to this Court,[1] raising the following issues for review: (1) whether the WCJ erred in finding Claimant had completely recovered from his work-related injury but made no finding concerning Claimant's inability to return to his pre-injury job; (2) whether the WCJ erred by failing to make findings concerning the source of Claimant's ongoing back problems which prevented Claimant from returning to his pre-injury job; and (3) whether equitable estoppel principles should apply to prevent Employer from seeking a termination because Employer waited to file its

termination petition until the three year period to file a petition to set aside a final receipt had passed.

The law applicable to this case is clearly stated in *Dickson v. Workmen's Compensation Appeal Board (Unico Construction Co.)*, 676 A.2d 1321, 1323 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied*, 546 Pa. 696, 687 A.2d 380 (1997), as follows:

It is well-established that an employer seeking to terminate workers' compensation benefits after the issuance of a notice of compensation payable bears the burden of proving either that the employee's disability has ceased, or that any current disability arises from a cause unrelated to the employee's work injury. *Gumro v. Workmen's Compensation Appeal Board*, 533 Pa. 461, 626 A.2d 94 (1993). Where the compensable work-related injury is in the nature of an aggravation of a claimant's pre-existing condition and the claimant's disability was caused by both the work-related and non-work-related injuries, however, an employer seeking to terminate workers' compensation benefits must prove that the work-related aggravation has ceased or no longer materially contributes to the on-going disability. *Carpenter Technology Corp. v. Workmen's Compensation Appeal Board (Wisniewski)*, 144 Pa.Cmwlth. 72, 600 A.2d 694 (1991). (Emphasis deleted.)

In his brief Claimant does not contest the above statement of the law. But, relying on *Fink v. Workmen's Compensation Appeal Board (Walbridge Corp.)*, 678 A.2d 853 (Pa. Cmwlth.1996), and the cases cited therein, Claimant argues instead that if a claimant's disability that was caused by an aggravation of a pre-existing condition has completely resolved, a claimant remains eligible for benefits if he cannot return to his pre-injury job. Claimant fails to recognize that the Supreme Court reversed our decision in *Fink*, relying on *Bethlehem Steel Corp. v. Workmen's Com-*

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the administrative Agency Law, 2 Pa.C.S. §704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (Pa.Cmwlth. 1988).

*pensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998). *See Fink*, 551 Pa. 432, 710 A.2d 1139 (1998). In *Baxter*, the Supreme Court made the distinction that a termination of benefits was appropriate when an aggravation of a *pre-existing* condition resolved even though the claimant could not return to work, but benefits should continue where an exposure at work that *caused* a condition kept a claimant from resuming his work duties. In the later case because the exposure at work caused the disability, the claimant would continue to receive benefits.

Claimant's extensive discussion in his brief, concerning *Fink* and the other cases relied upon by the *Fink* court, is irrelevant to the issue here. Those cases all deal with situations in which a claimant can return to his pre-injury job because he or she has sufficiently recovered. However, the claimants would or could suffer relapses if they were again exposed to the work environment. Of course, the *Baxter* court refined the grant or denial of benefits based on what caused each claimant's disability. This is not the case here. Claimant remained disabled, not as the result of the work-related injury or as a result of the aggravation to his pre-existing condition. His pre-existing condition caused his present disability.

To recapitulate we note that Claimant suffered a work-related injury in 1988 for which he received benefits. He subsequently signed a final receipt after returning to work. Next in February of 1990 Claimant was injured in a non-work-related car accident that kept him off work until November of 1990. Then on December 7, 1990, Claimant sustained the work-related injury that is the subject of the present termination petition. Dr. Lee, who was found credible by the WCJ, testified that Claimant suffered from longstanding back problems that pre-existed the December 7, 1990 injury as evidenced by the March 9, 1990 CT scan and the June 7, 1990 MRI. Dr. Lee also testified that MRI studies of Claimant's back taken in 1987 and in 1988, showed that Claimant exhibited a pre-existing herniation of his back even prior to the 1988 work-related injury. Dr. Lee further testified that he found no objective evidence that the December 7th injury con-

tributed to any further deterioration of Claimant's disc condition. Finally, Dr. Lee testified that in his opinion Claimant had recovered from any injury or aggravation resulting from the December 7th incident and that Claimant's inability to return to his pre-injury job was not related to that incident.

■ Pursuant to *Dickson* an employer must prove that "the work-related aggravation has ceased or no longer materially contributes to the on-going disability." *Id.* at 1323. Based on Dr. Lee's testimony, the WCJ found that whatever aggravation Claimant suffered on December 7th had resolved and his inability to work resulted from his pre-existing condition. Thus, the WCJ concluded that Claimant has fully recovered from his work-related aggravation of his pre-existing condition and Employer was entitled to a termination. We agree.

Claimant next argues that the WCJ should have determined the source of Claimant's present disability and that without such a finding this Court cannot perform a meaningful review. Claimant contests the WCJ's credibility determination with regard to the medical experts and contends that because the WCJ did not make findings concerning the medical treatment received by Claimant prior to treating with Dr. Karpin, the decision is inadequate. Essentially, Claimant argues that his evidence was given short shrift and that, therefore, the WCJ's decision was not a reasoned decision.

■ Questions of credibility and weight of the evidence are within the province of the WCJ who is free to accept or reject the testimony of any witness, in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995). While the WCJ could have included more in his finding of fact concerning Dr. Karpin's testimony, it was not required in that he clearly found Dr. Lee more credible. Moreover, the WCJ set out the reasons he believed Dr. Lee. A determination as to the source of Claimant's disability is not required since the WCJ found Claimant had recovered from the December 7th injury. Whether the source of Claimant's present disability is his prior work inju-

ry or the non-work-related car accident is of no moment. Both were pre-existing and do not form a basis upon which to continue benefits.

■ Furthermore, a review of the WCJ's decision reveals that it comports with the requirements of a reasoned decision as set out in Section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834. Although the 1996 amendment, requiring a WCJ to explain the reasons for accepting the evidence relied upon, was not in effect at the time the WCJ rendered his decision, the WCJ here provided that information in addition to setting forth the rationale for his decision. We recognize that "the WCJ's prerogative to determine the credibility of witnesses and the weight to be accorded evidence has not been diminished by the amendments to Section 422(a). Such determinations are binding on appeal unless made arbitrarily and capriciously." *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison)*, 717 A.2d 1086, 1089 (Pa.Cmwlth.1998). The WCJ's explanation reflects that his decision was not made in an arbitrary or capricious manner.

■ Claimant's equitable estoppel argument concerns the final receipt signed upon a return to work following the 1988 work-related injury. Claimant contends that Employer waited until three years had elapsed from the time Claimant signed the final receipt before filing the termination petition, thus, lulling Claimant into believing that his claim would continue to be considered. However, this issue was not raised before the Board and has, therefore, been waived. *McMahon v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 135 Pa.Cmwlth. 1, 581 A.2d 678 (Pa.Cmwlth.1988), *petition for allowance of appeal granted*, 522 Pa. 591, 561 A.2d 743 (1989); Pa. R.A.P. 1551.

Accordingly, we affirm.

### ORDER

NOW, December 23, 1998, the order of the Workers' Compensation Appeal Board at No. A95–4101, dated March 24, 1998, is affirmed.