Collier, Appellant, *v.* Kaufmann & Baer
Company et al.

Argued March 21, 1945. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON and JONES, JJ.

*E. B. Wolfe*, with him *John B. Nicklas, Jr.*, and
*McCrady, Nicklas & Hirschfield*, for appellant.

*H. E. McCamey*, with him *William W. Matson* and
*Dickie, Robinson & McCamey*, for appellee.

PER CURIAM, June 29, 1945:

In the opinion of the Superior Court in this Work-
men's Compensation case appears the following state-
ment: "It is plain to us that on the record before us,
claimant's average weekly wage is to be determined un-
der sub-section (d) [of the Workmen's Compensation
Act of June 21, 1939, P. L. 520, Section 1, 77 P.S. 582].
. . . But claimant's complete employment record, at
least for the year immediately before the accident, should
have been introduced into evidence."

At the argument we directed that a stipulation be filed by the respective parties showing what the appellant's weekly wages were during the entire period of her employment. This has been done. There is nothing in the stipulation which would justify the holding that appellant's employment was on a weekly basis. The Superior Court was warranted in concluding that there was no competent evidence to support the finding that the employee's weekly wage was $20.00.

The judgment of the Superior Court is affirmed on the opinion of Judge KENWORTHEY and the record is remitted to the Workmen's Compensation Board for further proceedings in accordance with that opinion.