Cooper-Jarrett, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert D. Brown, Respondents.

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Anthony J. Basinski, Reed, Smith, Shaw & Mc-Clay,* for petitioner.

*Amiel B. Caramanna, Jr.,* with him *Alexander J. Pentecost,* for respondent, Robert D. Brown.

OPINION BY JUDGE MENCER, July 22, 1981:

This is an appeal by Cooper-Jarrett, Inc. (employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of its referee modifying compensation payable to Robert D. Brown (claimant) and denying the employer's petition for termination of benefits. We affirm.

On August 9, 1977, the claimant filed a claim petition alleging that he sustained an injury while working as a truck driver for the employer. At the time of his injury, the claimant's average weekly wage was approximately $476.91. After hearings on the petition, the referee awarded the claimant total disability compensation of $199 per week. That award was affirmed by the Board.

In April 1978, the claimant, his father, mother, and wife started a business called Seneca Traders, Inc. (Seneca). All four are directors of the corporation. The claimant is its president and the manager of a retail truck store operated by the enterprise. On August 21, 1978, the employer filed a termination petition alleging that the claimant was receiving a salary from Seneca equal to or greater than his prior earnings.

At a hearing on the termination petition, the claimant testified that his salary with Seneca was $300 per week. The books and records of the corporation substantiated his testimony. The employer introduced into evidence a residential loan application which the claimant completed on March 31, 1978. On it he had represented his monthly salary to be $1,500. No other evidence was offered to prove that the claimant's income was greater than $300 per week or $1,500 a month.

The referee found the claimant's salary to be $300 per week and ruled that the employer did not present evidence sufficient to support a termination of com-

pensation. The referee also determined, however, that, as of April 3, 1978, the claimant's disability had become partial and accordingly modified his compensation to an award of $117.94 per week. The Board affirmed the referee's decision.

On this appeal, the employer contends that (1) the referee capriciously disregarded competent evidence that the claimant's salary exceeded $300 per week[1] and (2) if the claimant was entitled to compensation, the referee erred in calculating its amount.

As to the first issue, the referee was faced with conflicting evidence regarding the amount of the claimant's wages. It was within his province, however, to determine the weight and credibility of conflicting evidence; such a determination does not amount to a capricious disregard of competent evidence. *Vovericz v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979).

The claimant testified that the monthly income representation he made on the loan application was just an approximation. He also testified that Seneca's directors collectively determined the wages of the corporation's employees and that he was not empowered to unilaterally set his salary. The referee believed him, and therefore we will not disturb his finding that the claimant earned a weekly salary of $300.

That finding also disposes of the employer's second contention. The employer argues that the referee erred in calculating the claimant's partial disability compensation because he did not utilize the aforementioned $1,500-per-month figure as the basis for his computation. There was no reason for the referee to use that

---

[1] The employer also contends that, because the claimant is currently employed, he would be unavailable to return to work with the employer. The claimant testified, however, that he is willing to resume his work as a truck driver for the employer when he is physically able to do so.

figure, however, once he properly determined the claimant's salary to be $300 per week.

### Order

And Now, this 22nd day of July, 1981, the order of the Workmen's Compensation Appeal Board, dated April 10, 1980, affirming the decision of a referee denying the petition to terminate filed by Cooper-Jarrett, Inc., and reducing the weekly compensation payable to Robert D. Brown, is hereby affirmed.