527 A.2d 625

Robert L. Adams, Petitioner *v.* Workmen's Compensation Appeal Board (Frank D. Suppa Logging), Respondents.

Argued May 21, 1987, before Judges MacPhail and Colins, and Senior Judge Narick, sitting as a panel of three.

*Bernard J. Hessley,* for petitioner.

*Jerome Grossi,* with him, *Paul Dufallo,* Deputy Chief Counsel, and *Catherine A. Blue,* Assistant Counsel, for respondents.

Opinion by Judge Colins, June 19, 1987:

Robert L. Adams (petitioner) appeals a decision of the Workmen's Compensation Appeal Board (Board) which dismissed the petitioner's petition to review a notice of compensation payable. We affirm.

The petitioner was employed by Frank D. Suppa Logging (employer) as a logger until October 20, 1979, when he sustained a work-related injury. Prior to this

incident, the petitioner had been receiving wages of One Hundred Fifty Dollars ($150.00) per week. The employer also paid the petitioner a separate amount, termed "equipment rental," ostensibly for the petitioner's use of his power saw and for furnishing his own fuel. This amount ranged from approximately Forty Dollars ($40.00) per week to Three Hundred Seventy Five Dollars ($375.00) per week, according to the number of days the petitioner actually worked. The employer made deductions for state and local taxes from the initial wages, but not from the equipment rental. Accordingly, for the base year in question, the employer filed a W-2 Form for petitioner's wages in the amount of Six Thousand Dollars ($6,000.00) and a 1099 form in the amount of Nine Thousand Twenty Dollars ($9,020.00) for the equipment rental payments. The petitioner, in filing his income tax, deducted a depreciation allowance for his saw and fuel costs and paid income tax on the balance he received from the equipment rental.

Following his injury, the petitioner received benefits pursuant to a notice of compensation payable. He subsequently filed a petition to review the notice of compensation, alleging that it was incorrect in that it did not include the payments for equipment rental in determining his average weekly wage.

The referee found that the petitioner's arrangement for payment was common practice in the logging industry and held that the petitioner had failed to meet his burden of proving that the notice of compensation payable was incorrect. The Board affirmed the referee's decision on the basis that the petitioner had failed to show what part of the equipment rental payments, if any, was in the nature of wages and what portion was for fuel, maintenance and depreciation in connection with the use of his power saw.

The petitioner, seeking to modify the compensation agreement, has the burden of proving that there was a

true mistake of fact or law which renders such agreement materially incorrect. *Litton Industries v. Workmen's Compensation Appeal Board (Christner)*, 78 Pa. Commonwealth Ct. 79, 81, 466 A.2d 1114, 1116 (1983).

The petitioner contends initially that the Board erred as a matter of law in determining that the rental payments were not to be included in calculating the average weekly wage under Section 309(e) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §582(e).

Section 309(e) sets forth the types of remuneration that shall be included in computing the average weekly wage. Nowhere in this subsection is there any reference to payments for the rental of equipment. Inasmuch as Section 309(e) does not refer to such payments, we must conclude that the legislature intended to exclude them from wage computation. *See Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.)*, 75 Pa. Commonwealth Ct. 504, 462 A.2d 909 (1983).

The petitioner also contends that his agreement with the employer was in fact a sham and that he should not be penalized for having entered into such an agreement. We cannot agree. The petitioner voluntarily entered into this agreement when it was more profitable for him to supply his own chain saw at a high per diem rental rate than to have received wages. He now realizes that it would be financially advantageous for purposes of workmen's compensation law for the rental payments to be interpreted as wages. The petitioner cannot have it both ways.

We note that both parties entered into an agreement which may have come dangerously close to circumventing the intent of federal and/or state withholding, social security, and unemployment compensation laws. By this decision we are not condoning such conduct. However, the referee as fact finder, has found

these payments to be equipment rental which was the product of arms length transactions. There being substantial evidence to support the referee's conclusions, we must affirm. *See Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 18, 432 A.2d 1131 (1981).

Accordingly, for the foregoing reasons, the order of the Board is affirmed.

### ORDER

AND NOW, this 19th day of June, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.