538 A.2d 604

Arthur Shelley Trucking and Insurance Company of North America, Petitioners v. Workmen's Compensation Appeal Board (Bregman), Respondents.

Argued November 17, 1987, before Judges MAC-PHAIL, COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Donald T. Rogers, Lowery, Ciavarella & Rogers,* for petitioner.

*Gerald R. Schultz,* for respondent.

OPINION BY JUDGE COLINS, February 29, 1988:

Arthur Shelley Trucking (petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision recalculating an award to Marc W. Bregman (claimant) to include as wages the advancement of monies used for meals and lodging. We affirm.

Claimant was employed as a long-haul tractor trailer operator with petitioner's trucking firm. The terms of claimant's employment required him to make round trips from Pennsylvania to California. Each trip was generally twelve days in duration. Remuneration per round trip was Eight Hundred and Sixty Dollars ($860.00) of which he was advanced Two Hundred and Seventy-five Dollars ($275.00) prior to each trip, with the balance payable upon his return. Claimant suffered a work-related lower back injury on January 4, 1984, following which the parties entered into, by agreement, a notice of compensation payable on February 9, 1984. This notice provided claimant with compensation at the rate of One Hundred and Sixty Dollars ($160.00) per week, based on a weekly wage of Two Hundred Ninety-two Dollars and Fifty Cents ($292.50).

Claimant filed a petition to review the notice of compensation payable on April 18, 1984, alleging that there was a miscalculation of his weekly wage which resulted in an erroneous compensation rate payable. A referee dismissed claimant's contention on October 3, 1984, and claimant appealed to the Board.

On January 7, 1986 the Board remanded the case to the referee to recalculate claimant's rate of compensation based on bi-weekly wages of Eight Hundred and Sixty Dollars ($860.00). On remand, the referee determined, in accordance with the Board's direction, that the Two Hundred and Seventy-five Dollars ($275.00) should be included in claimant's actual weekly wage, such that the correct amount would be claimant's weekly wage of Four Hundred and Thirty Dollars ($430.00) for purposes of benefits calculation. Claimant's compensation was adjusted to Two Hundred and Eighty-six Dollars and Sixty-seven Cents ($286.67) per week, and the petitioner was given credit for the One Hundred and Sixty Dollars ($160.00) per week that had been paid to date.

Petitioner appealed this decision to the Board and on October 24, 1986, the Board affirmed the decision of the referee based upon the Board's mandate that the referee recalculate claimant's average weekly wage. It is the appeal from the October 24, 1986, Board order that is before this Court.

Our scope of review is limited to determining whether constitutional rights have been violated, an error of law was committed, or whether there is substantial evidence in the record to support the findings of fact. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa. Commonwealth Ct. 493, 518 A.2d 1305 (1986).

The dispute in this matter centers around the characterization of the Two Hundred and Seventy-five Dollars ($275.00) paid to claimant in advance of each trip. The Board determined that the Two Hundred and Seventy-five Dollars ($275.00) was for meals and lodging and, therefore, should be included in claimant's weekly wage. Petitioner suggests that the Two Hundred and Seventy-five Dollars ($275.00) should not have been included in claimant's wages because it was reimbursement for the expenses incurred on each trip.

Claimant argues that the plain and unambiguous language of the statute mandates payment of workmen's compensation based upon the definition of the terms "average weekly wage" and "total wages." Section 309(e) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(e), states, "[t]he terms 'average weekly wage' and 'total wages' as used in this section, shall include board and lodging received from the employer. . . ." We note that the Act is remedial in nature and must be liberally construed to accomplish its humanitarian purposes. *U.S. Steel Corp. v. Workmen's Compensation Appeal Board (Mehalovich),* 72 Pa. Commonwealth Ct. 481, 457 A.2d 155 (1983).

Claimant testified that the Two Hundred and Seventy-five Dollar ($275.00) check given to him before each trip was an advance on the Eight Hundred and Sixty Dollars ($860.00) per round trip. Claimant further testified that he was given an expense check in addition to the Two Hundred and Seventy-five Dollar ($275.00) check. This check, usually in the amount of One Hundred Dollars ($100.00), was for truck maintenance and tolls. Furthermore, all gasoline was purchased from stations where petitioner had established credit. The fact that claimant did not report the Two Hundred and Seventy-five Dollar ($275.00) advance money as income on his federal tax return is not dispositive of the issue as to whether or not the Two Hundred and Seventy-five Dollars ($275.00) should be included as wages for the basis of compensation.

In *Collier v. Kaufmann & Baer Co.*, 352 Pa. 412, 43 A.2d 9 (1945), our Supreme Court adopted the language of the Superior Court used in interpreting the formula to determine the average weekly wage under the forerunner of the present section of the Act. The Superior Court stated:

> It is obvious to anyone who reads the section that the legislature has exerted its utmost to devise those formulae which in each case will, as nearly as possible, determine the actual as distinguished from the theoretical earnings of the employee. With this ultimate purpose in mind it is the duty of the compensation authorities as well as ours to apply the law to the facts.

*Collier v. Kaufmann & Baer Co.*, 155 Pa. Superior Ct. 302-303, 38 A.2d 707 (1944).

The mere fact that the employer termed the initial payments as reimbursement for expenses rather than wages cannot defeat the express statutory declaration that "board and lodging" must be included as wages for purposes of compensation.

This case is factually distinguishable from *Adams v. Workmen's Compensation Appeal Board (Frank D. Suppa Logging)*, 107 Pa. Commowealth Ct. 30, 527 A.2d 625 (1987). In *Adams*, we held that extra remuneration delineated as chain saw rental paid by the employer (a logging company) to an employee (a logger) to cover the cost and expenses associated with the use of the employee's chain saw would not be included as wages for the purpose of determining the compensation rate. Unlike the instant matter, our determination in *Adams* was not governed by any specific legislative mandate.

Petitioner argues that since the referee made a finding of fact that these monies were for the reimbursement of expenses, the Board was without authority to remand this matter to recalculate the average weekly wage. The Board was correct in remanding this matter notwithstanding the referee's finding. In *Weaver v. Workmen's Compensation Appeal Board (Ribstone S. of Pa.)*, 90 Pa. Commonwealth Ct. 262, 494 A.2d 882 (1985), this Court held that a statement that was not a finding of fact could not be made a finding of fact by placing it under the heading of findings of fact when, in actuality, the statement was a conclusion of law subject to the Board's and our review. *Weaver* further held that what constitutes an injury or personal injury for purposes of compensation is a question of law. So, too, what constitutes an employee's average weekly wage or total wage is a question of law subject to the Board's and our review. Furthermore, a referee is permitted to enter a different decision after remand on the same evidence. See *Burton v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 476, 431 A.2d 1164 (1981).

The referee upon remand determined that the money advanced to claimant satisfied the definition of aver-

age weekly wage and total wages and, therefore, recalculated claimant's rate of compensation payable.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, this 29th day of February, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.