615 A.2d 873

**NORTIM, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ROLICK), Respondent.**

**William R. ROLICK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NORTIM, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1992.

Decided Aug. 25, 1992.

Reargument Denied Oct. 27, 1992.

198

Cynthia L. Garda and George M. Evans, for petitioner/respondent Nortim, Inc.

Dennis Luttenauer, for respondent/petitioner William R. Rolick.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

This is a consolidated appeal filed by Nortim, Inc. (Employer) and William R. Rolick (Claimant) from an order of the

Workmen's Compensation Appeal Board (Board). In No. 278 C.D.1992 Employer challenges the portion of the Board's order affirming the referee's decision to increase Claimant's compensation benefits. In No. 384 C.D.1992 Claimant appeals the portion of the Board's order reversing his award of attorney's fees.

Claimant worked for Employer as a logging contractor since 1982 and his wages were fixed on the basis of his production output in the form of tonnage for pulp wood and board feet for saw logs. To produce these timber products for Employer, Claimant in turn hired and paid five employees and incurred various expenses for fuel and for maintenance and repair of the logging equipment. Claimant deducted all of these expenses, along with business-related interest expenses, legal and professional expenses, mileage expenses and depreciation costs, from his income for federal income taxation purposes.

On January 14, 1985, Claimant sustained a work-related injury to his spinal cord when a falling tree struck him on the head. On January 30, 1985, a notice of compensation payable was issued stating that Claimant would receive disability benefits at a rate of $300.00 per week but that the amount' would be adjusted upon receipt of final wage information.

On June 10, 1985, an amended notice of compensation payable was issued indicating that Claimant's benefits were $263.13 per week based on an average weekly wage of $394.70. On the same date Claimant, purportedly unaware of the methodology for computing disability benefits, signed a supplemental agreement providing for the reduction in his benefits and recoupment of overpayment of benefits in the amount of $737.40.

On September 8, 1987, Claimant filed a petition for review contending that Employer improperly calculated his average weekly wage. Following a hearing, the referee determined that Claimant's average weekly wage at the time of his work injury was $533.73 and that he was entitled to compensation benefits at the rate of $336.00 per week. The referee also ordered Employer to pay Claimant's attorney's fees in the amount of $1,729.00.

On Employer's appeal, the Board concluded that the referee made a correct determination as to Claimant's average weekly wage. However, the Board also deleted Claimant's award of attorney's fees. Appeals by both Employer and Claimant from the order of the Board followed and were consolidated by order of this Court.[1]

## I. Wage Computation

Employer contends that the Board erred as a matter of law in determining that the entire amount of remuneration paid to Claimant must be included in the wage calculation under Section 309 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582. Section 309(e) of the Act sets forth the types of remuneration that are included in wage calculation. That subsection provides:

> The terms "average weekly wage" and "total wages," as used in this section, shall include board and lodging received from the employer, ... but such terms shall not include amounts deducted by the employer under the contract of hiring for labor furnished or paid for by the employer and necessary for the performance of such contract by the employe, nor shall such terms include deductions from wages due the employer for rent and supplies necessary for the employe's use in the performance of his labor.

77 P.S. § 582(e).

Although there are no cases precisely on point, two cases previously decided by this Court provide some guidance in making a determination as to what should be included in the calculation of a claimant's average weekly wage. In *Arthur Shelley Trucking v. Workmen's Compensation Appeal Board (Bregman),* 114 Pa.Commonwealth Ct. 138, 538 A.2d 604 (1988), a long-haul trucker, pursuant to his employment contract, received $860.00 per round trip from Pennsylvania to

1. Our scope of review is limited to a determination of whether any finding of fact is not supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Cashmark v. Workmen's Compensation Appeal Board (Great A & P Tea Company),* 135 Pa.Commonwealth Ct. 464, 580 A.2d 1189 (1990).

California of which $275.00 was advanced for meals and lodging. When he sustained a work-related injury, he included the advanced amount in his average weekly wage. On appeal, the employer contended that the $275.00 should not have been included in the claimant's wages because it was reimbursement for the expenses incurred on each trip. This Court disagreed, however, stating that the mere fact that the employer termed the advance payments as reimbursement for expenses rather than wages was immaterial and concluding that the $275.00 was properly included because of the express statutory mandate that board and lodging must be included as wages.

In *Adams v. Workmen's Compensation Appeal Board (Frank D. Suppa Logging),* 107 Pa.Commonwealth Ct. 30, 527 A.2d 625 (1987), a logger received an amount termed "equipment rental" for the use of his power saw. This amount was separate from his weekly wages of $150.00. Following the issuance of a notice of compensation payable, the claimant filed a petition to review alleging that the employer's payments for equipment rental were not included in the determination of his average weekly wage. Both the referee and the Board held that the claimant failed to establish what part of the equipment rental payments, if any, were in the nature of wages and what portion was for fuel, maintenance and depreciation. On appeal, this Court concluded that because Section 309(e) does not refer to payments for equipment rental, the General Assembly intended to exclude such payments from wage computation.

 As in *Adams,* the present appeal does not involve an amount of payment which, by statutory mandate, must be included in the calculation of wages. *Cf. Arthur Shelley Trucking.* Here, Claimant incurred various expenses in the performance of his labor for Employer, including wages paid to Claimant's employees, fuel, repairs, maintenance, depreciation and mileage. Unlike in *Adams,* however, these expenses were not paid by Employer. Instead, payment of Claimant's business-related expenses came solely from Claimant's own pocket after he received remuneration from Employer for his

production output. Because the inclusion of Claimant's business expenses in his wage computation does not accurately reflect his actual earnings, *see Collier v. Kaufmann & Baer Co. (Gimbel's),* 352 Pa. 412, 43 A.2d 9 (1945), Claimant's net earnings should have been used as the basis for his wage computation.

■ In the present appeal, the referee, finding that Claimant's testimony, records and other documents were credible,[2] determined that Claimant's total wages in his most favorable quarter was $16,974.59. Finding of Fact No. 22. During the same period of time, Claimant incurred the following expenses:

- Expenses listed in Claimant's Exhibit 6
 - Gross wages paid to 5 employees............... $ 3,204.18
 - Fuel, repairs and maintenance.................. $ 3,851.58

- Expenses not listed in Claimant's Exhibit 6
 - Fuel and other expenses...................... $ 197.03
 - 65% of repairs and other expenses ............. $ 177.24
 - ¼ depreciation listed on Claimant's 1984 federal tax return ($10,972.00 divided by 4 = $2,743.00) .......... $ 2,743.00
 - ¼ mileage expense listed on Claimant's 1984 federal tax return ($2,952.00 divided by 4 = $738.00) ................................. $ 738.00

SUBTOTAL....................................... $10,911.03

LESS:
- Personal expenses (Amount in excess of 65% of Estimated Business Expense)................... $ 103.51
- Skidder payment (capital) ..................... + $ 771.38

 $ 874.89

TOTAL BUSINESS EXPENSES INCURRED
DURING THE RELEVANT PERIOD
($10,911.03 − $874.89) ............................ $10,036.14
Finding of Fact No. 23.

---

**2.** Issues of credibility and evidentiary weight are solely for the resolution of the referee, and the referee may accept or reject the testimony of any witness, in whole or in part. *Town & Country Fine Furniture v. Workmen's Compensation Appeal Board (Cooley),* 115 Pa.Commonwealth Ct. 484, 540 A.2d 638 (1988).

■ Based on these figures,[3] the referee made the following calculation: Total wages ($16,974.59) less total actual expenses ($10,036.14) equals net earnings ($6,938.45); net earnings ($6,938.45) divided by 13 equals average weekly wage ($533.73). *See* Section 309(d) of the Act, 77 P.S. § 582(d). The referee then determined that because sixty-six and two-thirds per centum of $533.73, or $355.82, exceeds the applicable weekly maximum benefit amount, Claimant was entitled to the maximum rate of $336.00. Finding of Fact No. 25. Because the referee's findings are supported by substantial evidence, we will affirm that portion of the Board's order which approved the increase in Claimant's compensation benefits.

## II. Attorney's Fees

■ We turn now to the question of whether an award of attorney's fees is proper in the present appeal. Claimant contends that the Board erred in reversing the award of attorney's fees because Employer's contest was unreasonable. Whether a contest is reasonable is a question of law based on our examination of the record. *MacNeill v. Workmen's Compensation Appeal Board (Denny's Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988).

Awards of attorney's fees are governed by Section 440 of the Act, 77 P.S. § 996, which provides, in pertinent part:

In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provid-

---

3. Employer contends that the referee erred in failing to include Claimant's interest expenses or legal and professional expenses in the above calculations. Because the record does not contain substantial evidence to establish that Claimant actually paid these expenses in his most favorable quarter, the referee properly excluded these expenses from the wage computation.

ed, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: . . . .

77 P.S. § 996.

■ A prevailing claimant is entitled to an award of attorney's fees unless the record supports the conclusion that the employer had a reasonable basis for contesting liability. *Equitable Gas Co. v. Workmen's Compensation Appeal Board (Haines)*, 82 Pa.Commonwealth Ct. 436, 474 A.2d 1239 (1984). The burden is on the employer to establish a reasonable contest, *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth Ct. 521, 534 A.2d 571 (1987), i.e., that the contest was prompted to resolve a genuinely disputed issue and not merely to harass the claimant. *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit)*, 137 Pa. Commonwealth Ct. 227, 585 A.2d 612 (1991).

■ In the present appeal, Employer initially estimated that Claimant's benefits would be $300.00 per week and indicated that the benefit rate could change based on final wage information. Subsequently, Employer's insurance carrier received information from Employer regarding labor and operating costs in the logging industry in general[4] and, based on those cost studies, reduced Claimant's benefits to $263.13 per week. There is no evidence that the insurance carrier ever examined Claimant's books and records to establish actual expenses needed to determine his wage computation. By failing to do so, Employer and its insurance carrier acted

4. In a letter dated February 12, 1990, Employer explained:

> The rates loggers are paid is based on operating and labor costs, which is determined by performing cost studies. In 1985 the labor cost for logging was 43%, and the operating costs were 57%. These rates are understood by [Claimant], but there is no written agreement.
>
> For example, if the cut and skid rate for sawlogs was $45.00 per thousand, the labor cost would be 43% or $19.35/thousand and the operating cost 57% or $25.65/thousand. Since the workers' compensation rate is based solely on the labor portion of the equation, 43% was used for labor costs.

R.R. 192a.

arbitrarily in not awarding Claimant proper benefits, making this contest unreasonable.

An appropriate order will be entered.

PALLADINO, J., dissents.

## ORDER

AND NOW, this 25th day of August, 1992, the order of the Workmen's Compensation Appeal Board dated January 6, 1992, is hereby affirmed to the extent that it upheld the referee's decision to increase William R. Rolick's compensation benefits and is reversed to the extent that it deleted the referee's award of attorney's fees. The above-captioned matter will be remanded for the purpose of determining reasonable attorney's fees incurred in connection with the proceedings held before the Board and with this appeal.

Jurisdiction relinquished.