631 A.2d 728

**GENERAL DYNAMICS LAND SYSTEMS, INC., Petitioner**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SHNIPES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1993.

Decided Aug. 24, 1993.

Gene P. Riccardo, for petitioner.

William C. Steppacher, for respondent.

Before CRAIG, President Judge, PALLADINO, J., and KELTON, Senior Judge.

PALLADINO, Judge.

General Dynamics Land Systems, Inc. (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee granting the reinstatement petition of Robert Shnipes (Claimant) and directing Employer to pay Claimant's attorney's fees. We affirm.

On April 18, 1991, Claimant suffered a compression fracture of the L–1 lumbar spine while in the course of employment. Thereafter, Claimant received total disability benefits pursuant to a notice of compensation payable. On May 20, 1991, Claimant returned to light duty work for Employer and benefits were suspended. On November 1, 1991, Claimant was laid off because he lacked seniority status in his new department.[1]

On December 3, 1991, Claimant filed a petition for reinstatement of compensation alleging that he remains partially disabled as a result of the work-related injury, that he was laid off from his light duty position with Employer for economic reasons, and that he has not been medically released to perform his time of injury position. Employer filed an answer to the petition alleging that it was without knowledge or belief as to the truth of the averments contained in Claimant's petition and demanded strict proof of the same.

1. At various times between May 20, 1991 and November 1, 1991, Claimant had a recurrence of total disability. The specific dates are memorialized in a supplemental agreement and are not at issue in this case.

Following a hearing, the referee concluded that Employer failed to sustain its burden of establishing that work was available to Claimant within his physical, vocational and mental capabilities. Therefore, the referee granted Claimant's reinstatement petition. In addition, the referee concluded that Employer's contest was unreasonable and awarded attorney's fees. Employer appealed to the Board which affirmed.

On appeal to this court,[2] two issues are presented: (1) whether the Board erred in concluding that Employer failed to satisfy its burden of establishing that work was available to Claimant; and (2) whether the Board erred in awarding Claimant attorney's fees.

■ With regard to the first issue, Employer argues that it established that a light duty job was available to Claimant and that the position was within Claimant's medical restrictions. Therefore, Employer asserts that Claimant is not eligible for reinstatement of benefits.[3]

■ A claimant seeking to have his suspension of benefits lifted must prove that the reasons for the suspension no longer exist. *Andersen v. Workmen's Compensation Appeal Board (National Forge Company)*, 113 Pa.Commonwealth Ct. 601, 537 A.2d 971 (1988). More specifically, if it is shown in a reinstatement proceeding that the claimant's total disability continued, relieved only by his period of reemployment, proof of the discontinuance of such employment is claimant's only burden. *Rite Aid Corporation v. Workmen's Compensation*

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

3. Employer also argues that the order of the Board was not "reasonable since the Employer was not given an opportunity to establish by relevant testimony the availability of a job for the Claimant within his physical restrictions after being laid off due to his lack of seniority status in a specific department." Petitioner's brief at 8. However, at the hearing before the referee, both parties were represented by counsel and counsel for Employer did not object when the referee stated that he was closing the record. Accordingly, this aspect of Employer's argument has been waived.

*Appeal Board (Bupp),* 112 Pa.Commonwealth Ct. 548, 535 A.2d 763 (1988).

■ Once a claimant satisfies this initial burden, the burden of proof shifts to the employer. In order to avoid the resumption of benefits, the employer must demonstrate a referral to a *then open job* which fits within the occupational category for which the claimant has been given medical clearance. *Dancison v. Workmen's Compensation Appeal Board (Penn Hills Senior High School Claims Management Services),* 145 Pa.Commonwealth Ct. 10, 602 A.2d 423 *petition for allowance of appeal denied,* 532 Pa. 666, 616 A.2d 987 (1992).

In the present case there is no dispute that Claimant remains disabled as a result of his work-related injury. Furthermore, it is undisputed that Claimant was laid off from the light duty position with Employer solely because of his seniority status. The sole controversy in this action concerns Employer's assertion that the light duty job which Claimant had been performing prior to his layoff remains available to Claimant within the meaning of the Pennsylvania Workmen's Compensation Act.[4]

■ Essentially, Employer is arguing that because the position was available to employees with a higher seniority level, the position was available to Claimant. We disagree. A position cannot be considered *open* to a claimant when that claimant is not eligible for the position as a result of his seniority level. See *Piper Aircraft Corp. v. Workmen's Compensation Appeal Board (Bibey),* 86 Pa.Commonwealth Ct. 614, 485 A.2d 906 (1985).

Because Employer failed to present evidence of a job referral other than the light duty position which was no longer available to Claimant, we conclude that Employer failed to satisfy its burden of proof. Accordingly, we affirm the order of the Board granting Claimant's petition for reinstatement of benefits.

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

■ The second issue presented concerns the award of attorney's fees to Claimant. A prevailing claimant is entitled to attorney's fees unless the record supports the conclusion that the employer had a reasonable basis for contest. *Nortim, Inc. v. Workmen's Compensation Appeal Board (Rolick)*, 150 Pa.Commonwealth Ct. 196, 615 A.2d 873 (1992). Whether the contest was reasonable is a question of law based upon this court's examination of the record. *Id.*

■ In support of its position that the contest was reasonable, Employer again argues that it was not given a full and complete opportunity to present evidence as to the circumstances surrounding Claimant's lay off or his medical condition. As we stated previously, a hearing was held before a referee at which hearing both parties were represented by counsel. Employer did not offer any evidence as to Claimant's medical condition, nor did it offer evidence with respect to any position other than the light duty job with Employer from which Claimant was laid off. Furthermore, at no time did Employer object to the record being closed in this matter.

Accordingly, we conclude that Employer's contest was unreasonable and affirm the order of the Board as to attorney's fees.

**ORDER**

AND NOW, August 24, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.