Thomas LENNON, Dec', c/o Lara Goldman LENNON,
Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (EPPS AVIATION, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 2007.

Decided Oct. 10, 2007.

Edith A. Pearce, Philadelphia, for petitioner.

Sheilann P. Hewitt, Philadelphia, for respondent.

BEFORE: COLINS, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Lara Goldman Lennon (Claimant) petitions for review of the March 22, 2007, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) awarding Claimant fatal claim benefits based on an average weekly wage (AWW) that excluded the amounts Epps Aviation, Inc. (Employer) reimbursed Claimant's husband, Thomas Lennon (De-

cedent), for work-related board and lodging expenses.[1] We affirm in part, and we vacate and remand in part.

Decedent, a pilot, transported freight for Employer[2] and, typically, flew out of Philadelphia International Airport.[3] Because Decedent flew at night, he occasionally was required to stay overnight in hotels and dine out while working. Decedent would submit expense reports for these expenditures to Employer, and Employer would reimburse Decedent based on those reports. On May 14, 2004, Decedent was killed in a plane crash while on a work assignment for Employer. (Findings of Fact, No. 6.)

In December 2004, Claimant filed a fatal claim petition, which Employer initially contested. Although Employer subsequently assumed responsibility for fatal claim benefits, Employer and Claimant disagreed as to whether Decedent's reimbursed hotel and restaurant expenses should be included in his AWW pursuant to section 309(e) of the Pennsylvania Workers' Compensation Act (Act), which provides in relevant part that "the terms 'average weekly wage' and 'total wages,' as used in this section, *shall include board and lodging received from the employer* ...." 77 P.S. § 582(e) (emphasis added). The parties stipulated that the only issue before the WCJ was the proper calculation of Decedent's AWW under section 309(e) of the Act and that, until such time as the WCJ determined otherwise, Claimant was

entitled to receive no less than $528.05 per week as widow's benefits based on Employer's calculation of Decedent's AWW at $1,035.40, excluding the contested amounts. (*See* Findings of Fact, Nos. 4–5.)

In support of her position, Claimant testified about and presented documents related to Decedent's wages, which differed slightly from those alleged by Employer, and Decedent's work-related board and lodging expenses along with Employer's reimbursement of those expenses. (Findings of Fact, No. 6; *see* R.R. at 77a–183a.)

In opposition, Employer presented the deposition testimony of Lisa Brown, a supervisor at Employer's insurance company. Brown described how she calculated Decedent's AWW at $1,035.40. Explaining why reimbursements for hotels and meals were not included in the calculation, Brown stated that Employer never furnished Decedent with housing in lieu of pay and did not advance Decedent any funds for him to use for board and lodging but, instead, Employer reimbursed Decedent after the fact for his hotel and meal expenses. Brown testified that, although Employer provided information regarding Decedent's reimbursed expenses from November 29, 2003, through May 8, 2004, she did not use that information in calculating Decedent's AWW, because, in her opinion, such reimbursed expenses were not considered earnings for the purpose of calculating a claimant's AWW. (Findings of Fact, No. 7.)

---

1. The WCJ similarly excluded from Decedent's AWW the amounts Decedent's concurrent employer, DB Aviation, reimbursed Decedent for board and lodging.

2. Decedent also flew charter flights for Aero Ways, Inc. and DB Aviation. (Findings of Fact, No. 6g.) Section 309(e) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582(e), provides, *inter alia*, that the wages from all of a claimant's employers shall be considered as if

earned from the employer liable for compensation.

3. Employer's headquarters is in Georgia, but Decedent's work assignments required him to fly from Philadelphia to Baltimore, Maryland and to Charlotte, North Carolina. On occasion, Decedent was required to fly to Employer's headquarters to deliver paperwork. (Findings of Fact, Nos. 6b, 6c, 6d.)

■ Crediting Claimant's testimony, the WCJ found that Decedent's AWW, excluding board and lodging, was $1,407.91, not $1,035.40 as Brown had stated.[4] However, after analyzing *Arthur Shelley Trucking v. Workmen's Compensation Appeal Board (Bregman)*, 114 Pa.Cmwlth.138, 538 A.2d 604 (1988), and *Philip Morris/Kraft Foods, Inc. v. Workmen's Compensation Appeal Board (Levan)*, 689 A.2d 986 (Pa.Cmwlth. 1997), the WCJ agreed with Brown that Employer's reimbursements to Decedent for board and lodging expenses should be excluded from Decedent's AWW. The WCJ reasoned that Employer did not *advance* Decedent the money to pay for board and lodging but, instead, *reimbursed* Decedent for those expenses after the fact.[5] (Findings of Fact, No. 15.) Claimant appealed to the WCAB, which affirmed, and Claimant now petitions this court for review.[6]

Claimant argues that the WCJ erred in excluding the reimbursed board and lodging expenses from Decedent's AWW based on *when* Employer paid those expenses. We agree.

■ It is well-settled that when the words of a statute are clear and unambiguous they are not to be disregarded under the pretext of pursuing it spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). The clear and unambiguous language of section 309(e) of the Act requires that board and lodging received from an employer are wages to be included in calculating the employee's AWW. Section 309(e) of the Act is devoid of any language suggesting, as Employer asserts, that whether to include amounts received for board and lodging depends on *when* the employer pays these amounts to the employee. Thus, we conclude that the WCJ erred in excluding Decedent's board and lodging expenses from Decedent's AWW based on the *timing* of Employer's payment of those expenses.

■ Moreover, Employer's characterization of its payments to Decedent as mere reimbursement for "out-of-pocket expenses," (Employer's brief at 7–8), rather than for board and lodging does not defeat the express statutory language of section 309(e) of the Act. In *Arthur Shelley*, we rejected a similar argument, stating that "[t]he mere fact that the *employer termed the initial payments as reimbursement for expenses* rather than wages cannot defeat the express statutory declaration that 'board and lodging' must be included as wages for purposes of compensation." *Arthur Shelley*, 538 A.2d at 606 (emphasis added). Here, the WCJ found, and Employer does not dispute, that the "out-of-

---

**4.** The WCJ noted that Employer never submitted into evidence or filed a Statement of Wages for Decedent and that Brown admitted that she did not have Decedent's last paycheck to use in her calculation of Decedent's AWW, and, therefore, she used April 30, 2004, as the date of Decedent's death. (Findings of Fact, No. 12.)

**5.** In *Arthur Shelley*, based on the plain language of section 309(e) of the Act, we held that where an employer paid the claimant a portion of his salary in advance to cover board and lodging expenses during his cross country trucking assignment, these expenses were wages for purposes of calculating the

claimant's AWW. However, we are perplexed by the WCJ's reliance on *Philip Morris*, which dealt with business expenses rather than board and lodging.

**6.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. The question of what constitutes an employee's AWW is a question of law that is subject to full review by this court. *Arthur Shelley*.

pocket" expenses Claimant seeks to add to the Decedent's AWW *were used for work-related board and lodging* and, therefore, pursuant to section 309(e) of the Act and *Arthur Shelley,* should be included in Decedent's AWW.

Accordingly, we affirm the WCAB's order granting Claimant's fatal claim petition, but we vacate the WCAB's order to the extent it calculated Decedent's AWW without including his work-related board and lodging expenses. We remand the matter to the WCAB for remand to the WCJ to recalculate Decedent's AWW to include all the work-related board and lodging expenses Decedent received from Employer, as well as those Decedent received from his concurrent employers.

*ORDER*

AND NOW, this 10th day of October, 2007, the order of the Workers' Compensation Appeal Board (WCAB), dated March 22, 2007, granting Claimant's fatal claim petition is hereby affirmed, but we vacate the WCAB's order to the extent it calculated Thomas Lennon's (Decedent) average weekly wage (AWW) without including his work-related board and lodging expenses. We remand the matter to the WCAB for remand to the WCJ to recalculate Decedent's AWW to include all the work-related board and lodging expenses Decedent received from Employer, as well as those Decedent received from his concurrent employers.

Jurisdiction relinquished.