# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose D. Velazco, :
                Petitioner :
                :
            v. : No.  444 C.D. 2017
                : SUBMITTED:  August 18, 2017
Workers' Compensation Appeal :
Board (Land Tech Enterprises, Inc.), :
             Respondent :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED:  October 25, 2017**


Jose D. Velazco (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ) granting the petition to terminate workers' compensation benefits filed by Land Tech Enterprises, Inc. (Employer).  We affirm.

Employed as a landscape laborer, Claimant sustained a work-related injury in June 2015 when a car hit the driver's side of a pickup truck in which he was a rear seat passenger wearing a seatbelt.  He was treated and released from the Lehigh Valley Hospital emergency room and later sought treatment at the Airport Road EmergiCenter.  Employer accepted responsibility for the injury, issuing a Notice of Compensation Payable (NCP) therein describing it as a cervical sprain.[1]

---

[1] Pursuant to the NCP, Claimant received weekly indemnity benefits of $342.31, based on an average weekly wage of $380.34.

June 22, 2016, Decision of WCJ, Findings of Fact (FF.) Nos. 1 and 2. Subsequently, Dr. Amir Kat conducted an independent medical examination (IME) and concluded that Claimant had fully recovered from the work-related cervical sprain/strain. Consequently, Employer filed a December 2015 termination petition alleging that, as of September 14, 2015, Claimant had fully recovered from all of the residuals of his work injury. In his answer, Claimant denied Employer's allegations. Upon appeal and after review of both parties' evidence, the WCJ granted the termination petition. The Board affirmed and Claimant's timely petition for review followed.

An employer seeking to terminate workers' compensation benefits bears the burden of proving by competent medical evidence that the employee's disability has ceased. *Casne v. Workers' Comp. Appeal Bd. (STAT Couriers, Inc.)*, 962 A.2d 14, 16 (Pa. Cmwlth. 2008). This burden may be satisfied where the employer's doctor unequivocally testifies, within a reasonable degree of medical certainty, that the employee has fully recovered, that he is able to return to work without restrictions, and that there are no objective medical findings that either substantiate any claims of pain or connect them to the work-related injury. *Udvari v. Workmen's Comp. Appeal Bd. (USAir)*, 705 A.2d 1290, 1293 (Pa. 1997). Determining whether to accept an employee's subjective complaints of pain is a question of fact for the WCJ and, in the absence of objective medical findings, the WCJ is neither required to accept such assertions nor prohibited from doing so. *Id.*

On appeal, Claimant maintains that the WCJ's findings are not supported by substantial, competent evidence of record, contending that the WCJ erred in accepting the opinion of the IME doctor, Dr. Katz, over that of the treating doctor, Dr. Gene Levinstein. To that end, he contends that the WCJ failed to accord proper weight to the evidence contained in Dr. Levinstein's medical records as well

2

as to objective diagnostic records. In addition, Claimant submits that at no time did any of his treating physicians opine that he had fully recovered from his work injury. Further, he offers his explanation as to why the WCJ should have rejected Dr. Katz's opinion as to full recovery. Finally, he asserts that the WCJ failed to issue a reasoned decision. Claimant's position is without merit.

As an initial matter, "the WCJ has the exclusive province to determine the credibility of witnesses and to resolve conflicting evidence." *Jamieson v. Workmen's Comp. Appeal Bd. (Chicago Bridge & Iron)*, 691 A.2d 978, 983 (Pa. Cmwlth. 1997). This Court will not reweigh the evidence or substitute our credibility determinations. *Laundry Owners Mut. Liab. Ins. Ass'n v. Bureau of Workers' Comp. (UPMC)*, 853 A.2d 1130 (Pa. Cmwlth. 2004). In addition, consistent with the requirements for a reasoned decision, a WCJ must set forth a rationale so that all can determine how and why he or she accorded more weight to certain evidence and reached the result. *See Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1047 (Pa. 2003) (holding that a decision is reasoned if it permits for adequate appellate review without further elucidation). Accordingly, mindful that it was within the exclusive province of the WCJ in the present case to accept or reject the testimony of any witness, in whole or in part,[2] and that the reasoned decision requirement did not diminish her prerogative to do so,[3] we turn to the sufficiency of Employer's evidence and the adequacy of the WCJ's decision.

---

[2] *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010).

[3] *Roccuzzo v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 721 A.2d 1171, 1175 (Pa. Cmwlth. 1998).

In his IME report, Dr. Katz specifically noted that, on physical examination, there was no tightness or spasm in Claimant's cervical paraspinal muscles and normal cervical spine range of motion. F.F. No. 2. Further, Dr. Katz observed that Claimant had a negative straight leg raise test and was able to walk on his heels and toes. *Id.* In addition, Dr. Katz specifically noted that, although a June 2015 MRI of the cervical spine showed mild degenerative changes at several levels, there was no disk herniation and no fracture or malalignment in the cervical spine. September 14, 2015, IME Report at 3; Reproduced Record (R.R.) at 134. Similarly, he noted that, although an August 2015 MRI of the lumbar spine showed mild degenerative changes at several levels, there was no disk herniation, protrusion or fracture. *Id.* He also observed that an August 2015 CT of the brain was normal. *Id.* Accordingly, Dr. Katz concluded: "The diagnostic studies including MRI's [sic] of the cervical spine; CT of the Brain; and MRI of the lumbar spine were essentially normal." *Id.* at 7; R.R. at 138.

As for Claimant's multiple other complaints,[4] Dr. Katz opined that they were inconsistent with both the physical examination that he conducted and the one done by the physicians at EmergiCenter. *Id.* at 4-5 and 7; R.R. at 135-36 and 138. Specifically regarding his examination, Dr. Katz observed that, when he asked Claimant "about a specific body part, if he has any symptoms, he always answered 'yes,' and described pain and discomfort in that body part." *Id.* at 3; R.R. at 134.

---

[4] These complaints included: pain in the back of head and neck; bilateral pain in the ribs on the anterior aspect of the chest; pain in the left leg, mostly when walking; pain in both hands, with all fingers "getting stuck"; pain in the low back; and complaints of pain radiating from the neck to the low back, left hip, and left leg. September 14, 2015, IME Report at 2; Reproduced Record (R.R.) at 133.

As for the examinations and evaluations conducted at EmergiCenter, Dr. Katz noted, *inter alia*, as follows:

> [June 26, 2015:] The MRI of the cervical spine was reviewed and it failed to reveal any acute injury. When examined, [Claimant] was able to mount and dismount the exam table in a carefree manner.

> [August 21, 2015:] [T]he MRI of the lumbar spine was reviewed and it failed to reveal herniated disk or any acute injury. . . . The examining physician felt that the patient's symptoms seemed to him to be out of context with his physical and diagnostic findings, particularly in light of the essentially negative MRI's [sic].

*Id*. at 4-5; R.R. at 135-36. In addition, Dr. Katz observed that the emergency room examination done on the day of the accident indicated: "The conclusion from that visit was that there was no serious injury from the motor vehicle accident." *Id*. at 4; R.R. at 135.

After examining Dr. Katz's IME report, we agree that it constitutes substantial, competent evidence to support a determination of full recovery. As the Board observed: "He reviewed the diagnostic studies and the medical records and performed a physical exam that was essentially normal." March 17, 2017, Board Decision at 4. In addition, we agree that, in the absence of objective medical findings, it was within the WCJ's province as fact finder to reject Claimant's subjective complaints of pain. *Udvari*.

As for a reasoned decision, we note that the WCJ accepted the testimony of Dr. Katz in support of her decision and reasoned as follows:

> Dr. Katz performed a very thorough records review, a thorough physical examination, and he reviewed MRI images of the cervical spine. I find his opinion that claimant is fully recovered from the cervical sprain

5

entirely credible and persuasive and thoroughly explained
in his IME report.

F.F. No. 5. In addition, she explained in detail why she rejected and failed to accord weight to the opinion of Dr. Levinstein, contrasting it with that of Dr. Katz. Specifically, she found: "To the extent Dr. Levinstein believes claimant is not fully recovered from the work injury, his opinion is rejected, in light of the fact that he fails to explain claimant's inordinate amount of pain despite the lack of positive objective diagnostic studies." *Id.*, No. 6. In addition, the WCJ found it significant that "[t]here are no records from a treating physician between August 2015 and the date of claimant's first treatment with Dr. Levinstein on March 18, 2016." *Id.*, No. 4.

Accordingly, we affirm.[5]

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[5] Claimant also asserts that the WCJ erred in determining that Employer's contest was reasonable. As the Board observed, however, Employer was successful in litigating its termination petition and a claimant is only eligible for attorney's fees when he prevails and the employer's contest was unreasonable. *Nortim, Inc. v. Workmen's Comp. Appeal Bd. (Rolick)*, 615 A.2d 873 (Pa. Cmwlth. 1992).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose D. Velazco,                                   :
                          Petitioner              :
                                                  :
          v.                                      :    No.  444 C.D. 2017
                                                  :
Workers' Compensation Appeal                      :
Board (Land Tech Enterprises, Inc.),              :
                          Respondent              :

# **O R D E R**

AND NOW, this 25th day of October, 2017, the order of the Workers'

Compensation Appeal Board is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge